## CRAWSHAY ET AL. v. SOUTTER AND KNAPP.

1. Where there had been a foreclosure and sale under a railroad mortgage to secure certain bonds, exceptions to the sale were refused to be entertained in favor of such of the bondholders as had been parties to a scheme under which the sale had been made for the formation of a new company, and had surrendered their bonds in exchange for stock and bonds of such new association.

2. Where as to a bondholder differently situated the decree below, in confirming the sale, had imposed the condition of payment to him by the new company of the full amount of his bonds of the old company, principal and interest, such decree was affirmed without considering the abstract validity of the exception taken by him.

THESE were two appeals from the Circuit Court for Wisconsin, one by Crawshay and Oddie and one by Vose, to review an order confirming the sale of a railroad under a mortgage. The case was shortly this:

Soutter and Knapp, surviving Bronson, were trustees for the benefit of bondholders of a mortgage called a land-grant mortgage given by the La Crosse and Milwaukee Railroad Company on a part of its road. The mortgage had been foreclosed, and as is frequent in such cases in Wisconsin, a new company, named the St. Paul, was formed by the purchasers; here the bondholders. Among the bondholders were Crawshay, Oddie, and Vose, the appellants. The two former surrendered all their bonds, and took certificates of stock. The latter (who had been appointed by his co-creditors a trustee to organize the new company), however,

yet had in his possession, bonds for $5000,, for which he held certificates of the trustees entitling him to a corresponding amount of stock in the new company. A difference arose between him and his co-trustees; and the court having confirmed the sale of the old road under the mortgage, he, Crawshay and Oddie appealed from its action. The confirmation had been made subject to payment by the new company of his debt, principal and interest.

*Mr. Ryan, for the appellants; Messrs. Cary aud Carlisle, contra.*

Mr. Justice DAVIS delivered the opinion of the court in the cases.

After a protracted litigation, the Circuit Court for the District of Wisconsin, at its last September Term, confirmed the sale made by the marshal in what is known as the land-grant foreclosure suit, brought by Soutter and Knapp, surviving trustees, against the La Crosse and Milwaukee Railroad Company. These appeals are brought here to review that order of confirmation, and will be considered together. Various exceptions were taken in the court below, and are renewed here, to the report of the marshal of the sale of the mortgaged premises, but it is unnecessary to notice them, as Crawshay and Oddie are not in a condition to avail themselves of them; and the rights of Vose, as owner of bonds or certificates, are protected by the order of confirmation. Crawshay and Oddie were original bondholders under the land-grant mortgage, but before filing their exceptions to the report of sale, they had surrendered their bonds to the trustees, appointed under the scheme for the adjustment of the affairs of the La Crosse company; took certificates of stock, and subsequently the bonds and stock of the St. Paul company, as provided in the agreement for organizing it. By doing this, they elected to abide by the action of the trustees, and cannot now be heard to interpose any objection to the confirmation of the sale.

Vose was one of the trustees appointed by the bondhold-

ers of the La Crosse company to adjust its affairs, and form a new company, but differences sprung up between him and his co-trustees, resulting in their refusal to co-operate with him.   It is unimportant to inquire whether his co-trustees were justified in their treatment of him, because, before the confirmation of the sale by the court, the trust agreement was substantially closed.   All the bondholders, except Vose, had exchanged their securities for the bonds and stock of the St. Paul company.   Vose, at the time of filing exceptions to the report of the sale, was the owner of five bonds of the La Crosse company, for which he held the certificates of the trustees, entitling him to a corresponding amount in bonds and stock of the new company.   It is not necessary to determine whether, by exchanging his old bonds for certificates of stock in the new company, he was not so far committed to the adjustment scheme, as to prevent his withdrawal from it, for in any aspect of the case, all rights that he could possibly have under the land-grant mortgage, were protected by the court.   The order of confirmation was expressly made subject to the payment to him by the St. Paul company, of five bonds of one thousand dollars each, with all accrued and unpaid interest, upon the surrender by him of the certificates of the trustees, and all claims for dividends.

He certainly could reasonably ask no more than the payment of the principal and interest of his La Crosse bonds— if he was unwilling to take the stock and bonds of the St. Paul company with their unpaid dividends, according to the trust agreement,—and as the court obliged the St. Paul company to pay him the full amount of his La Crosse bonds, it is hard to see how he is aggrieved by the order of confirmation.

DECREE AFFIRMED.