## CLEARY *v.* ELLIS FOUNDRY COMPANY.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF MASSACHUSETTS.

No. 160. Argued December 13, 1889. — Decided January 6, 1890.

*Avery v. Cleary, ante,* 604, affirmed; but as the defendant did not prosecute a writ of error, the judgment below is affirmed on the ground that no error was committed to the plaintiff's prejudice.

THE case is stated in the opinion.

*Mr. Eugene M. Johnson* (with whom was *Mr. Nathan Morse* on the brief) for plaintiff in error

*Mr. Joshua D. Ball* for defendant in error.

MR. JUSTICE HARLAN delivered the opinion of the court.

The statement of facts made in *Avery* v. *Cleary*, just decided, is, in the main, applicable to the present case. The additional facts necessary to be stated are these:

On the 21st of May, 1879, Ellis made a written assignment to the Ellis Foundry Company, a Massachusetts corporation, of policy 68,429, and all his rights under it, with all moneys payable or which might be payable thereon. That corporation, at the same time, gave a writing to Ellis showing that it received the above policy as collateral security for the payment of a debt due to it from Ellis of $5540.14 within one year from March 1, 1879, with interest, and of all other sums of money that he might owe that company within four years thereafter. Out of the proceeds of this policy collected by Avery as administrator of Ellis, the Foundry Company received, December 31, 1879, the sum of $5901.64, the amount which Ellis, at his death, owed that corporation.

The present action was brought September 30, 1882, to recover from the company the entire amount received by it on policy 68,429. It proceeds upon the same grounds substantially as those set forth in the other suit. The defendant denied that it had collected such proceeds, and, besides controverting the material allegations of the declaration, pleaded in bar of the action the statute of limitations of two years.

At the close of the evidence it claimed the right to go to the jury, and presented certain prayers for instructions which the court declined to give. This claim was denied, and the court ruled, as matter of law, that upon the evidence the plaintiff was entitled to recover from the defendant only the amount the insurance company would have paid the assignee in bankruptcy as the cash surrender value of the policy at the date of the filing of the petition in bankruptcy, namely, July 3, 1878. It being agreed that such value was $1200, the jury were instructed to return a verdict in favor of the plaintiff for that amount, with interest from December

31, 1879, the date of the payment by Ellis' administrator to the defendant of the sum of $5901.64. To that instruction the plaintiff excepted, but did not present any prayers for instructions. A verdict was returned in conformity with the direction of the court, and judgment was entered thereon.

For the reasons given in the opinion in *Avery* v. *Cleary*, the peremptory instruction to the jury to find a verdict in favor of the plaintiff for the surrender value of policy 68,429 was erroneous. But as the defendant did not prosecute a writ of error, the judgment below must be affirmed, upon the ground that no error was committed to the prejudice of the plaintiff. His action was barred by limitation; for, there can be no doubt that this suit is between the assignee and a corporation claiming an adverse interest.

*Judgment affirmed.*