GUARANTEE CO. OF NORTH AMERICA v. PHENIX INS. CO.
OF BROOKLYN, N. Y.

(Circuit Court of Appeals, Eighth Circuit. July 27, 1903.)

No. 1,857.

1. APPEAL—PRACTICE—PARTY NOT AGGRIEVED.

One who secures by a judgment or decree all the relief he seeks cannot maintain a writ of error or an appeal to reverse or modify it or to review the proceedings on which it is founded.

2. CROSS-ERRORS NOT COGNIZABLE IN FEDERAL APPELLATE COURTS.

A defendant in error or appellee who does not sue out a writ of error or take an appeal cannot by assigning cross-errors confer jurisdiction upon a national appellate court to hear or determine any questions not otherwise presented. Cross-errors are not assignable in the federal courts.

3. SAME—AFTER REVERSAL BY APPELLATE COURT DEFEATED PARTY MAY RE-VIEW ISSUES NOT COGNIZABLE ON FIRST APPEAL.

After a reversal by an appellate court of a judgment or decree in his favor a defendant in error or appellee may maintain a writ of error or an appeal to review the questions of law arising at the trial in the court below, which were not, and could not have been, litigated upon the first writ or appeal, and to reverse, on account of the errors in the determination of those questions, the judgment or decree directed by the appellate court.

4. SAME—FACTS.

The Circuit Court rendered a judgment in favor of the defendant upon a general verdict and special findings of fact. The plaintiff brought a writ of error to reverse the judgment, on the ground that upon the verdict and findings the judgment should have been in its favor. The appellate court reversed the judgment, and on its mandate the Circuit Court rendered a judgment for the plaintiff. The defendant then sued out a writ of error to reverse this judgment on the ground that the rulings of the court upon the trial were erroneous. Held, the writ was maintainable, because the defendant could not have maintained a writ to challenge the former judgment in its favor, and it could not have assigned the rulings of which it complained as cross-errors under the first writ.

5. SAME—LAW OF THE CASE.

Legal propositions once considered and decided in a given case by the appellate court cannot be again questioned in that court on a subsequent writ or appeal in the same case, whether they are right or wrong. They are res judicata between the parties to that suit and their privies, and constitute the law of the case.

6. EVIDENCE—ADMISSIONS OF PRINCIPAL—CONCLUSIVENESS AS TO SURETY.

The admission of a servant, the principal in an employé's bond, with respect to matters pertaining to the performance of his guarantied duties, made while he is engaged in their discharge, is competent evidence against the surety on his bond.

7. SAME—GENERAL OBJECTIONS—SUFFICIENCY.

The general objections that offered testimony is incompetent and im-material are sufficient where the ground of the objections is discernible. But they are futile to present a ground of objection that is not per-ceptible without a statement of it. In a case of the latter class they conceal rather than present the real objection, and hence form no basis for a reversal.

8. SAME—REVIEW OF PEREMPTORY INSTRUCTION.

A ruling granting or refusing a peremptory instruction to the jury at the close of the evidence cannot be reviewed in an appellate court

¶ 1. See Appeal and Error, vol. 2, Cent. Dig. § 949.

in the absence of a bill of exceptions which contains all the evidence which conditioned the ruling.

(Syllabus by the Court.)

In Error to the Circuit Court of the United States for the District of Nebraska.

L. C. Cooper and Clency St. Clair (Warren Switzler, on the brief), for plaintiff in error.

H. C. Brome (A. H. Burnett, on the brief), for defendant in error.

Before SANBORN, THAYER, and VAN DEVANTER, Circuit Judges.

SANBORN, Circuit Judge.    This is the second appearance of this case in this court.    It is an action brought by the Phenix Insurance Company of Brooklyn, N. Y., against the Guarantee Company of North America, the surety on a bond of Fred S. Kelly, an employé and the cashier of the plaintiff, conditioned to reimburse the latter for all losses, not exceeding $5,000, which it should sustain by reason of any fraudulent act committed by Kelly during the currency of the bond.    The case was tried by a jury, which found a general verdict for the plaintiff, and also returned special findings, which consisted of answers to a large number of questions that had been submitted to them.    The Circuit Court rendered a judgment in favor of the defendant upon the special findings notwithstanding the general verdict.    Thereupon the plaintiff sued out a writ of error to this court, and assigned as error the action of the court in rendering judgment against it upon the verdict and the special findings.    The defendant sued out no writ and assigned no cross-errors, but in its brief it called attention to certain rulings of the court upon the trial, which it insisted entitled it to a new trial if the judgment in its favor should not be sustained.    After argument this court, without treating or mentioning in its opinion the rulings during the trial to which the defendant had called attention in its brief, reversed the judgment of the Circuit Court upon the ground that the special findings were not inconsistent with the general verdict, and directed the court below to render a judgment for the plaintiff.    Phenix Ins. Co. v. Guarantee Co. of North America, 115 Fed. 964, 53 C. C. A. 360.    After the Circuit Court entered a judgment for the plaintiff pursuant to this reversal, the defendant sued out the writ of error now before us, and assigned as error the rulings of the court during the trial before the verdict and the special findings were made.

This condition of the record suggests the query whether the questions raised by the rulings of the court during the trial were not rendered res judicata by the former judgment of this court upon the writ of error sued out by the plaintiff.    That judgment, like the final decision of every court which has jurisdiction of the matters and parties it judges, rendered every question which was litigated and every question which might have been raised and determined in this court at the time of the hearing of the former writ of error res judicata between the parties to it.    James v. Germania Iron Co., 107 Fed. 597, 617, 46 C. C. A. 476, 496.

But the first judgment of the Circuit Court granted to the defendant all the relief it sought. It dismissed the action on its merits, and it is only those aggrieved by a judgment or decree that can maintain a writ of error or an appeal to reverse it or to review any of the proceedings upon which it is based. Kinealy v. Macklin, 67 Mo. 95, 99; Crawshay v. Soutter and Knapp, 6 Wall. 739, 741, 18 L. Ed. 845; Hayden v. Stone, 112 Mass. 346, 352; Ringgold v. Barley, 5 Md. 186, 59 Am. Dec. 107; Holton v. Ruggles, 1 Root, 318; Raymond v. Barker, 2 Root, 370.

The conclusion is therefore irresistible that the defendant could not have maintained a writ of error to reverse the first judgment of the Circuit Court because it was not aggrieved thereby. And the question for our consideration becomes: Can a defendant in error who cannot maintain a writ of error to reverse a judgment in his favor confer jurisdiction upon a federal appellate court to hear and determine issues of law raised during the trial in the court below, and which are not presented by the assignment of errors of the plaintiff in error by an assignment of cross-errors or otherwise?

In The Maria Martin, 12 Wall. 31, 40, 20 L. Ed. 251, the Supreme Court said:

"Appeals under the additional act 'to amend the judicial system' are subject to the same rules, regulations, and restrictions as are prescribed in case of writs of error. Both parties in a civil action may sue out a writ of error to a final judgment, but where one party exercises the right the other cannot assign error in the appellate court. * * * Where each party appeals each may assign error, but where only one party appeals the other is bound by the decree in the court below, and he cannot assign error in the appellate court, nor can he be heard if the proceedings in the appeal are correct, except in support of the decree from which the appeal of the other party is taken."

In obedience to the rule thus announced, that court held that a defendant in error who had not prosecuted a writ could not be heard upon cross-errors assigned in Cleary v. Ellis Foundry Co., 132 U. S. 612, 614, 10 Sup. Ct. 223, 33 L. Ed. 473, and in Bolles v. Outing Co., 175 U. S. 262, 268, 20 Sup. Ct. 94, 96, 44 L. Ed. 156, in which the opinion closed with these words:

"It is sufficient to say of these that the defendant did not take out a writ of error, and cannot now be heard to complain of any adverse rulings in the court below. Canter v. American, etc., Ins. Co., 3 Pet. 307, 318 [7 L. Ed. 688]; Chittenden v. Brewster, 2 Wall. 191 [17 L. Ed. 839]."

To the same effect is the decision of the Circuit Court of Appeals of the Fifth Circuit in Pauly Jail Bldg. & Mfg. Co. v. Hemphill Co., 10 C. C. A. 595, 600, 62 Fed. 698, 703.

This rule has also been uniformly observed in cases of appeals in equity (Building & Loan Ass'n v. Logan, 14 C. C. A. 133, 134, 66 Fed. 827, 828; Clark v. Killian, 103 U. S. 766, 769, 26 L. Ed. 607; U. S. v. Blackfeather, 155 U. S. 180, 186, 15 Sup. Ct. 64, 39 L. Ed. 114); and in cases of appeals in admiralty (The Stephen Morgan, 94 U. S. 599, 24 L. Ed. 266). No decisions in the federal courts in which this rule has been disregarded or doubted have been called to our attention, and none have rewarded a diligent search. The rule has been in force so many years that it is not now a matter of reason, but a question of practice. It is to be determined not by an

independent consideration and decision of what the rule ought to be, but by a view of the precedents in the national courts which disclose the practice that has been and is prevailing in those courts. The decisions and opinions to which reference has been made disclose the fact that this uniform practice has been and is in accordance with the following rules:

One may not maintain a writ of error or an appeal from a judgment or decree which is so favorable to him that it secures him all the relief he seeks.

A defendant in error who does not sue out a writ of error, or an appellee who does not take an appeal, cannot confer jurisdiction upon an appellate court to consider or decide questions suggested by an assignment or an argument of cross-errors, nor can he be heard upon such questions.

As the defendant in this action did not maintain, and could not maintain, a writ of error to reverse the first judgment of the Circuit Court, the issues of law presented by the errors in the trial of the action below which it now assigns were not, and could not have been, litigated on the former hearing in this court, and hence they are not rendered res judicata by the judgment thereon.

In the examination of this question the fact that in many of the state courts the practice upon this subject is regulated by statutes, while in others it is established by decisions of the courts, and that it does not always conform to the rules and practice which prevail in the national courts, has not escaped attention. Thus, in Illinois, a defendant in error was not permitted to assign cross-errors originally. Smith v. Sackett, 15 Ill. 528, 536. But in 1869 a statute was enacted to the effect that the defendant in error "may assign cross-errors and the court shall dispose of the same as in other cases of assignment of error." Rev. St. 1874, p. 784, § 79. Notwithstanding this provision of the statute, the Supreme Court of Illinois held that a defendant in error was thereby merely granted the option of assigning cross-errors if he wished to take advantage of it, but that his failure to do so did not foreclose his right to an adjudication upon the errors of which he complained, and that if he was aggrieved by the judgment he could still prosecute his writ of error and secure a consideration and decision upon the merits of the questions he desired to present. Page v. People, 99 Ill. 418, 425.

In Kentucky the same rule prevailed originally, and this rule was modified by a subsequent statute which permitted the defendant in error to assign cross-errors. Under this statute the Court of Appeals of Kentucky held that a defendant in error had his option to assign cross-errors or to prosecute his writ. It also held that after the writ of error of the first plaintiff in error had been heard and determined the defendant in error might subsequently prosecute his writ of error and obtain a decision of the issues of law it presented. Wickliffe v. Buckman, 12 B. Mon. 424, 425. In Smith v. Bogenschultz (Ky.) 20 S. W. 390, 391, Smith obtained a favorable judgment. Bogenschultz appealed, and reversed it. Smith then appealed, and assigned as error rulings upon questions which were not presented by the former appeal of his opponent. The court held that

those questions were not res judicata, and proceeded to review them upon the merits.

A more extended examination of the general practice or of the variant rules upon this subject in the courts of the states would be neither instructive nor persuasive, and it is avoided because that practice and those rules are ineffective in the national courts where the practice is established by the decisions of those courts which have been cited, and the rules which govern it have been repeatedly affirmed and uniformly followed for half a century.

The result is that the questions presented by the defendant below by its writ of error in this case, which were not and could not have been litigated in this court under the former writ sued out by the plaintiff, were not rendered res judicata by the judgment upon that writ, and they are now open for our consideration. We proceed to their determination.

The writer of this opinion adheres to the views expressed in his dissent from the opinion and decision of the majority upon the questions presented by the former writ of error. Phenix Ins. Co. v. Guarantee Co. of North America, 115 Fed. 964, 968, 53 C. C. A. 360, 364. But the questions there decided by the majority of the court are not open for reconsideration under this second writ of error. Propositions of law which are considered and decided upon a first writ of error are res judicata upon the return of a subsequent writ in the same case, whether those propositions are right or wrong. They constitute the law of the case, and cannot be again questioned by the parties to the suit or their privies. Tyler v. Magwire, 17 Wall. 253, 21 L. Ed. 576; Supervisors v. Kennicott, 94 U. S. 498, 24 L. Ed. 260; Clark v. Keith, 106 U. S. 464, 1 Sup. Ct. 568, 27 L. Ed. 302; Balch v. Haas, 73 Fed. 974, 20 C. C. A. 151; Thatcher v. Gottlieb, 8 C. C. A. 334, 59 Fed. 872. Hence every question decided at the former hearing and every question which was rendered immaterial by that decision must be disregarded now. In the examination of the case as it now stands those questions have been eliminated. No statement or enumeration of them will be made. They will be left to be inferred from the opinion on the former hearing and the silence of this opinion regarding them. The only questions remaining for our consideration here are those which are treated below.

Kelly, the principal in the bond, was the cashier of the plaintiff, and the defendant was the surety upon his bond. Upon the last day of his employment, but before that employment had ceased, he admitted to the agent of the plaintiff that he was guilty of the embezzlement of the proceeds of four checks which belonged to the plaintiff, and which formed a part of the basis of the latter's cause of action. The agent to whom this admission was made was allowed to testify to it over the objection of the defendant that the evidence was incompetent, immaterial, and hearsay, and the court subsequently denied a motion to strike this testimony from the record. But the admission of a servant, the principal in an employé's bond, with respect to matters pertaining to the performance of his guarantied duties, made while he is engaged in their discharge, is always competent evidence against the surety upon his bond. U. S. v. Gaussen, 19

Wall. 198, 213, 22 L. Ed. 41; Hall v. United States Fidelity & Guaranty Co., 77 Minn. 24, 79 N. W. 590; Lancashire Ins. Co. v. Callahan, 68 Minn. 277, 280, 71 N. W. 261, 64 Am. St. Rep. 475; Guarantee Co. of North America v. Mutual Building & Loan Ass'n, 57 Ill. App. 254; Pendleton v. Bank of Kentucky, 17 Ky. 171; McShane v. Howard Bank, 73 Md. 135, 20 Atl. 776, 10 L. R. A. 552; Union Sav. Ass'n v. Edwards, 47 Mo. 445.

It is assigned as error that the four checks were received in evidence. But the bill of exceptions contains no account of their reception, or of any objections to or rulings concerning them.

The bond upon which the action is founded was dated May 27, 1895, and it covered a period between 12 o'clock noon on that day and 12 o'clock noon on May 27, 1896. It was subsequently extended and continued in force on May 1, 1896, from May 27, 1896, to May 27, 1897, and on May 29, 1897, it was extended and continued in force from May 27, 1897, until May 27, 1898. It is specified as error that the court instructed the jury that the bond covered a period from May 27, 1895, to April 2, 1898, when Kelly was discharged. But no reason is presented, nor is any perceived, why this was not a correct statement of the time of the currency of the bond.

Another specification of error is that a witness was permitted to testify, over the objection that his testimony was incompetent and immaterial, to a statement which he had prepared from the books of account in evidence of the amounts which according to those books had been received and paid out in the office of which Kelly had charge between April 24, 1895, and April 2, 1898. The objection now urged is that this computation covered 33 days prior to the commencement of the term of the bond, and it is contended that the ruling is erroneous upon that ground. But the general objection that the testimony was incompetent and immaterial did not fairly apprise the court or the counsel of this reason for the rejection of the evidence. A general objection of this character is undoubtedly sufficient when the ground upon which it is founded is discernible. But when the reason for the rejection is not perceptible, it is the duty of the counsel who relies upon it to clearly call the attention of the court to the ground of the objection. Otherwise the general objection serves rather to conceal than to present the real reason for the rejection of the evidence. A general objection which has this effect must be disregarded in the appellate court. It cannot be permitted to form the basis for a reversal of a judgment when the reason for the objection was not called to the attention of court and counsel at the trial.

Complaint is made that the court erred because it refused to instruct the jury to return a verdict for the defendant. But this objection cannot be considered, because the evidence produced upon the trial has not been included in the bill of exceptions, and there is no criterion by which to try the ruling which is challenged. The granting or refusing of a peremptory instruction to a jury at the close of the evidence cannot be reviewed in the absence of a bill of exceptions which contains all the evidence which conditioned the ruling.

The errors of the court, if any, in its charge to the jury upon the subject of the waiver by the defendant of its defense that the plaintiff failed to comply with its agreement that Kelly should indorse upon the checks the words "For deposit," and its errors, if any, in the ruling which it made permitting the filing of an amended reply pleading this waiver, became immaterial and without prejudice to the cause of the defendant, when the former decision of this court in this case held that the plaintiff had fully performed its covenants. Every other question presented under this second writ has either been determined or rendered immaterial by that decision, and the judgment of the court below must accordingly be affirmed.

It is so ordered.