**COCHRAN et al. v. M & M TRANSP. CO.**

No. 3552.

Circuit Court of Appeals, First Circuit.

March 22, 1940.

John W. Baker, of Providence, R. I. (Benjamin F. Lindemuth, F. Snowden Skinner, and Daniel S. T. Hinman, all

of Providence, R. I., on the brief), for appellants.

Wm. A. Gunning, of Providence, R. I., for appellee.

Before MAGRUDER, Circuit Judge, and PETERS and FORD, District Judges.

MAGRUDER, Circuit Judge.

This motion to dismiss, involving a consideration and interpretation of our mandate on a previous appeal (M & M Transportation Co. v. Cochran, 1 Cir., 100 F.2d 207), presents a peculiar situation.

On the night of November 16, 1936, a motortruck of the Providence Teaming Company, operated by its servant Cochran, became stalled on a Massachusetts highway. Shortly thereafter a motortruck driven by a servant of the M & M Transportation Company crashed into it from the rear. The resulting fire consumed both vehicles. Cochran received severe personal injuries. Cochran and the Providence Teaming Company brought their separate actions for damage to person and property, respectively. These actions have been consolidated, and we shall refer only to Cochran's action, for the two cases raise the same questions.

The plaintiff (Cochran) filed four counts in his declaration, the first three alleging simple negligence 'and the fourth willful and wanton misconduct on the part of the defendant. Defendant's pleas denied the allegations of negligence and recklessness, raised the issue of contributory negligence, and averred that the plaintiff was a "trespasser on the highway", under the Massachusetts doctrine, due to the fact that the truck which plaintiff was driving was not properly registered as required by law.

The case went to trial on all the issues. The plaintiff presented certain requests for instructions to the jury directed ·to the point that as a matter of law the plaintiff was not subject in this case to the trespasser-on-the-highway doctrine. We need not set forth now the plaintiff's legal contentions in this particular; it is enough .to say that the court below denied these requests, and charged the jury that if the plaintiff's truck had been operated on the highways of Massachusetts beyond a period of thirty days during 1936 (as to which the evidence was contradictory) without a permit from the Registrar of Motor Vehicles, then the plaintiff became a trespasser on the highway and could not recover under the first three counts for ordinary negligence, but only under the fourth count if the defendant should be found guilty of willful and wanton misconduct. The issue of contributory negligence was left to the jury, turning chiefly on the question whether the stalled truck had a sufficient tail light. The trial court denied the defendant's motion for a directed verdict on the fourth count, and submitted that issue to the jury also. Its verdict reads:

"The jury finds that the defendant is not guilty as to counts 1, 2 and 3 in manner and form as the plaintiff hath in his declaration alleged therein against it, but finds the defendant is guilty as to count 4 in manner and form as the plaintiff hath in his declaration alleged therein against it; and assess damages in the sum of $7,000."

The plaintiff moved for judgment for the amount of the jury's verdict with interest and costs. Thereafter, on March 8, 1938, the following single judgment was entered:

"It is considered by the court that the plaintiff have and recover of the defendant the sum of $7,000 (seven thousand dollars) plus interest at the rate of 6 percent from the date of verdict, and costs to be taxed."

Appeal from this judgment was taken by the defendant alone, chiefly on the ground that the trial court was in error in not having directed a verdict for the defendant on the fourth count. This court concluded that though the evidence would have warranted a finding of negligence or gross negligence, it was as a matter of law insufficient to sustain a verdict of wanton misconduct. Invoking the familiar rule that the successful party below is entitled, on appeal by the other party, to urge in support of the judgment or decree as rendered any legal grounds appearing in the record (United States v. American Railway Express Co., 265 U.S. 425, 435, 44 S.Ct. 560, 68 L.Ed. 1087; In re Schwartz, 2 Cir., 89 F.2d 172, 173), the plaintiff contended before us that the error as to the fourth count was harmless because as a matter of law the plaintiff was entitled to verdicts on the first three counts. He thereby sought to challenge before us the correctness of the trial court's ruling as to the trespasser-on-the-highway doctrine. He argued that he was as a matter of law entitled to recover for simple negligence,

because the jury's verdict on the fourth count, finding the defendant guilty of willful and wanton misconduct, showed conclusively that the jury would have found for the plaintiff on the negligence counts, apart from the trespasser-on-the-highway doctrine. But assuming that the court below had committed error on this point, the conclusion the plaintiff asked us to reach would not have been warranted. The issue of contributory negligence had been submitted to the jury, without objection from the plaintiff, so far as appears, and we could not therefore assume that the jury would have found in the plaintiff's favor on the first three counts, even if the plaintiff were ruled not to be a trespasser on the highway[1]. Furthermore, the defendant had also noted exceptions to certain rulings bearing on the negligence counts. Since the defendant won on these counts, notwithstanding the rulings adverse to him, he could not on the former appeal have assigned these rulings as error. For us to have assumed that the plaintiff was entitled to verdicts on the negligence counts would have been to foreclose the defendant on the rulings adverse to him, which were not before us for review. Having concluded that there was no evidence to sustain the verdict on the fourth count, we reversed the judgment.

In our opinion as first rendered, we said:

"The plaintiffs have not appealed from any judgments on counts 1, 2 and 3 in the two cases, and not having done so cannot argue that they were entitled to verdicts on these counts of the declarations. If they had desired to raise such a question, they should have appealed from those judgments [if any were entered, as to which nothing appears in the record]. Not having done so, they are concluded as to that question."

Our judgment read: "The judgments of the District Court are vacated, the verdicts are set aside and new trials granted, and the cases remanded to the District Court for further proceedings not inconsistent with this opinion; the appellant recovers costs of appeal".

Upon motion of the defendant for a modification of our judgment we struck out the clause appearing in brackets in the above quotation from our opinion, so that the sentence as revised reads: "If they had desired to raise such a question, they should have appealed from those judgments." Our judgment was changed to read as follows: "The judgments of the District Court are vacated, the verdicts set aside and the case is remanded to that court for new trials limited to the Fourth Counts; the appellant recovers costs of appeal." 100 F.2d 207, at page 210.

When the case went back to the District Court, the plaintiff moved to add a new count to the declaration, alleging simple negligence. This motion was denied. The defendant moved that judgment be entered for the defendant on counts 1, 2 and 3 under the provisions of Rule 54 (b), Rules of Civil Procedure for District Courts, 28 U.S.C.A. following section 723c. Pursuant to this motion, the District Court on September 29, 1939, duly entered judgment for the defendant on counts 1, 2 and 3. The retrial on count 4 has not been had, but the cause has been ordered continued to the May, 1940, term for jury trial.

The plaintiff now appeals from the judgment for the defendant on counts 1, 2 and 3 entered September 29, 1939, within the statutory three months' period from the date of the rendition of that judgment, but long after the lapse of the statutory period for appeal from the original judgment of March 8, 1938. The defendant moves to dismiss the appeal, chiefly on the ground that under our previous opinion and mandate the plaintiff is concluded from pressing any issues involving counts 1, 2 and 3. The doctrine of the law of the case is invoked. But that doctrine, like its twin brother stare decisis, is not an inexorable command, and must not be utilized to accomplish an obvious injustice. Messenger v. Anderson, 225 U.S. 436, 32 S.Ct. 739, 56 L.Ed. 1152; Johnson v. Cadillac Motor Car Co., 2 Cir., 261 F. 878, 883-886, 8 A.L.R. 1023. In Messenger v. Anderson, supra, 225 U.S. at page 444, 32 S.Ct. at page 740, 56 L. Ed. 1152, the Supreme Court said: "In the absence of statute the phrase, 'law of the case,' as applied to the effect of previous orders on the later action of the court rendering them in the same case, merely expresses the practice of courts

---

[1] The plaintiff's contributory negligence would not defeat recovery on the grounds alleged in the fourth count, and a verdict for the plaintiff on that count is not tantamount to a finding that the plaintiff was in the exercise of due care.

generally to refuse to reopen what has been decided, not a limit to their power."

To determine what was before this court on the previous appeal brought by the defendant, we must inquire whether an appeal was open to the plaintiff at that time.

The plaintiff could not have appealed from the adverse verdicts on the first three counts, in the absence of a judgment rendered against him thereon. United States v. Long Branch Distilling Co., 5 Cir., 1920, 262 F. 768; Rardin v. Messick, 7 Cir., 1935, 78 F.2d 643; Herrick v. Cutcheon, 1 Cir., 1893, 55 F. 6. See Certain-Teed Products Corp. v. Wallinger, 4 Cir., 1937, 89 F.2d 427, 429. As we have seen, no judgment was entered on these verdicts until September 29, 1939.

Neither could the plaintiff have appealed from the original judgment of. March 8, 1938, nor assigned cross-error in the defendant's appeal from that judgment. At the trial, there were four strings to the plaintiff's bow. A verdict in his favor on any one of the four counts would entitle him to judgment for the full amount of his personal injuries. The four counts related to a single injury. The plaintiff had a verdict on the fourth count, which supported the judgment of March 8, 1938. This judgment was in the plaintiff's favor and granted him the full relief asked for. It is well settled that the plaintiff could not have appealed from such a judgment. Public Service Commission v. Brashear Lines, 306 U.S. 204, 59 S.Ct. 480, 83 L. Ed. 608; Lindheimer v. Illinois Bell Telephone Co., 1934, 292 U.S. 151, 176, 54 S.Ct. 658, 78 L.Ed. 1182; New York Telephone Co. v. Maltbie, 291 U.S. 645, 54 S.Ct. 443, 78 L.Ed. 1041; Lewis v. United States, 1910, 216 U.S. 611, 30 S.Ct. 438, 54 L.Ed. 637; Guarantee Co. of North America v. Phenix Ins. Co., 8 Cir., 1903, 124 F. 170, 173; Rogers v. Penobscot Mining Co., 8 Cir., 154 F. 606. See Harding v. Federal National Bank, 1 Cir., 1929, 31 F.2d 914.

In Guarantee Co. of North America v. Phenix Ins. Co., supra, the suit was on a surety bond. The jury returned special findings, and also a general verdict for the plaintiff. The lower court rendered a judgment for the defendant upon the special findings, notwithstanding the general verdict. Thereupon the plaintiff sued out a writ of error. The defendant did not seek a cross-writ, but in its brief it called attention to certain allegedly erroneous rulings of the court below in the course of the trial which would entitle the defendant to a new trial if the judgment in its favor should be upset. The Circuit Court of Appeals reversed the judgment below on the ground that the special findings were not inconsistent with the general verdict and directed the lower court to enter a judgment for the plaintiff. Judgment for the plaintiff having been entered pursuant to the mandate, it was held that the defendant was entitled to have that judgment reviewed on writ of error and to assign as error the rulings of the trial court which had been adverse to the defendant. The court said [124 F. 171]:

"This condition of the record suggests the query whether the questions raised by the rulings of the court during the trial were not rendered res judicata by the former judgment of this court upon the writ of error sued out by the plaintiff. That judgment, like the final decision of every court which has jurisdiction of the matters and parties it judges, rendered every question which was litigated and every question which might have been raised and determined in this court at the time of the hearing of the former writ of error res judicata between the parties to it. James v. Germania Iron Co. [8 Cir.], 107 F. 597, 617, 46 C.C.A. 476, 496.

"But the first judgment of the Circuit Court granted to the defendant all the relief it sought. It dismissed the action on its merits, and it is only those aggrieved by a judgment or decree that can maintain a writ of error or an appeal to reverse it or to review any of the proceedings upon which it is based. Kinealy v. Macklin, 67 Mo. 95, 99; Crawshay v. Soutter and Knapp, 6 Wall. 739, 741, 18 L.Ed. 845; Hayden v. Stone, 112 Mass. 346, 352; Ringgold v. Barley, 5 Md. 186, 59 Am.Dec. 107; Holton v. Ruggles, 1 Root [Conn.], 318; Raymond v. Barker, 2 Root [Conn.], 370. * * *

"As the defendant in this action did not maintain, and could not maintain, a writ of error to reverse the first judgment of the Circuit Court, the issues of law presented by the errors in the trial of the action below which it now assigns were not, and could not have been, litigated on the former hearing in this court, and hence they are not rendered res judicata by the judgment thereon."

The situation is different where a judgment grants a litigant only part of the relief sought, and denies the rest. In such a case the party is aggrieved in part by the judgment and may appeal or cross-appeal. If he fails to do so he can be heard only in support of the judgment as rendered; such judgment becomes res judicata as to the issues decided against him. Alexander v. Cosden Co., 1934, 290 U.S. 484, 487, 54 S.Ct. 292, 78 L.Ed. 452; United States v. Hickey, 17 Wall. 9, 21 L. Ed. 559. In the latter case the plaintiff sued the United States on three distinct claims and had favorable judgment on one only; upon appeal by the United States it was held that the plaintiff-appellee, who did not cross-appeal, could be heard only in defense of the judgment on the claim allowed and could not urge errors below in denying the other two claims. See, also, Bolles v. Outing Co., 175 U.S. 262, 20 S.Ct. 94, 44 L.Ed. 156; Galloway v. General Motors Acceptance Corp., 4 Cir., 106 F.2d 466.

On the previous appeal we were under a misapprehension in supposing that judgment had been rendered in favor of the defendant on the first three counts. No such judgment was rendered until September 29, 1939. Our mandate limiting the new trial to the fourth count only was based on the supposition that the plaintiff could have appealed as to errors in connection with the first three counts, and that no such appeal having been taken, the issues on the first three counts had become res judicata. Since the judgment in plaintiff's favor, resting on the verdict upon the fourth count, was upset on the previous appeal, we manifestly cannot allow a situation to arise wherein the plaintiff is denied all right of access to this court for review of allegedly erroneous rulings of law in respect to the first three counts. Yet that will be the situation if the plaintiff should lose upon retrial of the fourth count, and if we say that the issues on the first three counts are res judicata.

Therefore, we think that the plaintiff should be allowed to take his appeal from the judgment of September 29, 1939, rendered in the defendant's favor on the first three counts, and that this appeal will bring up the case on the merits so far as those counts are concerned. If we conclude that the trial court committed error prejudicial to the plaintiff, we can reverse the judgment for the defendant on the first three counts and send the case back for retrial of those issues, along with the retrial on the fourth count which has not yet taken place. If we conclude that no such error was committed, then of course the case will be closed except as to the retrial on the fourth count.

It may be objected that we are thus sanctioning piecemeal appeals in respect to errors committed at the original trial. Though this is certainly undesirable as a general thing, it is not unprecedented in exceptional circumstances. Guarantee Co. of North America v. Phenix Ins. Co., supra. The plaintiff may appeal now, from the judgment of September 29, 1939, because in the peculiar circumstances of this case it is apparent that the rulings of the trial court bearing on the first three counts, if erroneous, are really prejudicial to the plaintiff, since he has lost his judgment based on the fourth count, and under our mandate on the previous appeal the new trial is directed to be limited to the fourth count. Hence the plaintiff has more than an academic interest in having us review the alleged errors pertaining to the first three counts.

The motion to dismiss the appeal is denied.