HEPKER v. EQUITABLE LIFE ASSUR. SOC. OF UNITED STATES.

EQUITABLE LIFE ASSUR. SOC. OF UNITED STATES v. HEPKER.

Nos. 12407, 12408.

Circuit Court of Appeals, Eighth Circuit.

Dec. 7, 1942.

R. Brown, of Creston, Iowa (George F. Buresh, of Cedar Rapids, Iowa, on the brief), for Merth Romane Hepker.

A. H. Sargent, of Cedar Rapids, Iowa, for Equitable Life Assur. Soc. of United States.

Before GARDNER, WOODROUGH, and THOMAS, Circuit Judges.

WOODROUGH, Circuit Judge.

The appeal and cross appeal are taken by a farmer debtor bankrupt and by the owner of a mortgage on her homestead, respectively, to reverse that part of an order in bankruptcy which requires the bankrupt to pay certain rental for the use of her mortgaged land for a part of the year 1941. The order was entered May 8, 1942, and another part of it which requires payment of rental for the year 1942 is not appealed from.

It appears that the farmer-debtor in possession of the land first filed her petition under Section 75 of the Bankruptcy Act on November 14, 1940, and a conciliation commissioner having been appointed, unsuccessful attempt was made to effect a composition. Thereafter, on August 5, 1941, the debtor made amended filing under Section 75, sub. s and bankruptcy adjudication was entered August 12, 1941. On December 20, 1941, she filed her petition praying that she be allowed to retain her possession of the homestead under the control of the court, as provided in 11 U.S.C.A. § 203, sub. s, and that proceedings against her be stayed for three years, as provided in 11 U.S.C.A. § 203, sub. s (2). On the hearing of this petition the conciliation commissioner considered it and the answer thereto of the mortgagee, and evidence taken, and on April 4, 1942, entered his order staying proceedings for three years, as provided by 11 U.S.C.A. § 203, sub. s(2). He also ordered that the bankrupt pay $7 per acre rental for the land for the crop year beginning March 1, 1941, and the same sum per acre rental for the crop year beginning March 1, 1942. The order of the district court from which the appeal and cross appeal are taken was entered on the bankrupt's petition for review from the conciliation commissioner's order.

It was the conclusion of the district court that the conciliation commissioner erred in ordering the bankrupt to pay rental for the whole of the year 1941, but that the bankrupt should be and she was required to pay rental for the part of the year 1941 following the date of bankruptcy adjudication, August 12, 1941. The debtor contends that the Bankruptcy Act conferred no authority to order her to pay rental for her land until after she had filed her petition under Section 75, sub. s(2) to obtain a three-year stay and to retain her possession, and that the jurisdiction which then arose did not include the power to require her to make payment of rental for any period prior thereto but

included only the power to grant her the right to retain possession for three years and to prescribe the conditions, including payment of rental, upon which she could enjoy such possession during the statutory period.

■ The provisions of Section 75, sub. s(1) and (2), 11 U.S.C.A. § 203, sub. s(1) and (2), which prescribe procedure to insure that distressed farmer debtors shall be freed from judicial or official proceedings against them and their property for a period of three years, plainly indicate the steps which should precede the court's stay order, and it seems clear to us that under said provisions the authority to fix terms and conditions of rental in respect to property of which the bankrupt is accorded the right to retain possession is to be exercised only coincidentally with or after the stay order. Then the rental is to be fixed for the period for which the stay and retention of possession is granted, dating from the stay order. The first payment of rental is expressly related by the statute to "within one year of the date of the order staying proceedings" and we do not find in the statute authority to make the order requiring rent payments retroactively operative, or to require payment for past enjoyment of the property to which the stay order pertains. We think, therefore, that the part of the order from which the debtor has appealed should be reversed.

The mortgagee cross-appellant seeks to sustain and have enforced the order made by the conciliation commissioner requiring the debtor to pay rental for the entire crop year of 1941. We find no support for it in the statute, as we have pointed out, but it appears that after the debtor had filed her first petition under Section 75, and while attempts at composition were pending, an oral agreement was made in the presence of the conciliation commissioner to the effect that if the efforts of the debtor and the mortgagee to arrive at composition should fail, then the debtor would pay rental for the farm for the year 1941 in amount to be fixed by the conciliation commissioner. The period of pendency of proceedings under Section 75 prior to commencement of the proceedings under Section 75 sub. s and Section 75 sub. s(2) was protracted throughout 1941, possibly in part because of the existence of the agreement, though other causes of delay existed. The agreement is relied on by the mortgagee to justify the order requiring rent for the year 1941.

■ It is argued that the agreement may be treated as a waiver by the debtor of her right to have the rent order fixed in due course of bankruptcy proceedings under the statute, but we think the statute and not the agreement made six months before bankruptcy must control. The relief sought by the cross appeal is denied.

The order requiring payment of rental for part of the year 1941 is set aside.