## MACH v. ABBOTT CO.
### No. 12422.

Circuit Court of Appeals, Eighth Circuit.
June 21, 1943.

Rehearing Denied July 21, 1943.

Mahlon Z. Eubank, of Kansas City, Mo. (Ryland, Stinson, Mag & Thomson and

Lawrence R. Brown, all of Kansas City, Mo., on the brief), for appellant.

L. H. Henderson, of Alliance, Neb. (Boyd & Metz, of Alliance, Neb., on the brief), for appellee.

Before GARDNER, THOMAS, and JOHNSEN, Circuit Judges.

THOMAS, Circuit Judge.

This is an appeal by the debtor in proceedings under § 75, sub. s, of the Bankruptcy Act, 11 U.S.C.A. § 203 sub. s, from an order of the District Court (1) declaring the termination of the three-year stay period to be March 22, 1943, (2) requiring payment of delinquent rentals, and (3) denying the debtor's claim for allowance for upkeep of the mortgaged property.

The facts pertinent to parts (1) and (2) of the order are not in dispute.

On January 10, 1938, the District Court entered an order adjudging the debtor bankrupt under § 75, sub. s, of the Bankruptcy Act and referring the proceeding to the Conciliation Commissioner with instructions (1) to fix a time for the first meeting of creditors, (2) to permit the debtor to petition for an appraisal and to retain possession of his property, (3) to appoint appraisers, and upon the report of the appraisers to set aside the debtor's exemptions and to order that the debtor's property should remain in his possession subject to all incumbrances, and (4) to report his proceedings to the court "so that an order staying suits and judicial proceedings for three years may be made and orders for the payments of rent and other necessary orders."

The Conciliation Commissioner apparently misunderstood the instructions. Instead of appointing appraisers, he had a hearing at which he took evidence to determine the reasonable rental value of the mortgaged premises and fixed the rental at $500 a year and $12 a month for the improvements on the premises while occupied by a tenant.

On October 27, 1938, although no appraisal had been made or filed, the court entered an order granting a three-year stay of suits and judicial proceedings in any court against the debtor or his property, authorizing the debtor to remain in possession of his property subject to the custody and under the supervision of the court. The order made possession by the debtor subject to the condition that he pay, in semiannual installments, the rental fixed by the Commissioner.

No exceptions were taken by either party to the report of the Commissioner or to the order of the court.

Thereafter, by direction of the court, appraisers were appointed, the property was appraised, and the report of the appraisers was filed on March 22, 1940. The land involved was appraised at $7,635.69. On June 17, 1940, the debtor wrote a letter to the judge of the court saying, "In my Frazier-Lemke matter, I want a reappraisal of my property. * * * If this is denied me, I want my property sold at public auction." Upon this application a reappraisal was ordered, appraisers were appointed, and their report was filed September 4, 1940.

No objections or exceptions were made or taken by either party to the appraisals either as to the time and manner of making them or to the value fixed by the appraisers, and no appeal therefrom was taken by either party. The debtor remained in possession of the land during the three-year period after the entry of the stay order on October 27, 1938, and paid the rent as provided by the order for the first two and one-half years of the period.

On December 16, 1941, the Abbott Company, the mortgagee-creditor, filed an application in the proceedings alleging that the three-year stay period had expired on October 27, 1941; that the debtor had paid rentals fixed by the court covering two and one-half years of occupation under a stay order and was delinquent in payment of one-half year's rentals; and requested (1) an order requiring the debtor to pay the delinquent rentals, (2) that the mortgagee be authorized to enforce its rights as mortgagee in the state court, or, in the alternative, (3) that the mortgaged property be sold and the proceeds of the sale be applied to the payment of the mortgage debt.

On February 17, 1942, the debtor filed a motion to deny the appellee's application, supra, on the grounds that (1) the debtor had complied with all the orders of the court and (2) that an appraisal of the debtor's property was made and filed on March 22, 1940, and that "a stay of all proceedings against the debtor or his property must be granted for a period of three years from the filing of the appraisal of the property, which said time has not fully elapsed. * * *"

The debtor had previously filed a claim for upkeep of the mortgaged premises in the amount of $1,093.61, which had been disallowed by the Conciliation Commissioner and was pending for review before the court.

After a hearing upon the three questions submitted, namely, the date of the termination of the stay period, delinquent rentals, and the allowance of the debtor's claim for expenses for upkeep of the property, the court, on May 29, 1942, in the order appealed from said:

"The court further finds that the application of The Abbott Company asking that the stay period be terminated and a trustee appointed and the property mortgaged to The Abbott Company sold or otherwise disposed of as is provided for in the Bankruptcy Act, should be denied, in that the first appraisal in this case as required by law, was made and filed on March 22, 1940, * * * and consequently said three year period would expire on March 22, 1943, subject to the payment of rent on the real estate and personal property owned by said debtor, in such sums as have heretofore been prescribed by the prior orders of this court.

*     *     *     *     *

"that within fifteen days from this date the debtor pay into the registry of this court the sum of $577.50 as representing unpaid rentals now due, said $577.50 being made up as follows:

"(a) The sum of $250.00 as representing the unpaid rent for the last half of the rental year expiring October 27, 1941;

"(b) The sum of $77.50 as representing unpaid rentals for the period while the improvements on the land mortgaged to The Abbott Company, a corporation, were tenanted;

"(c) The sum of $250.00 as representing the unpaid rent for the half year rental period expiring April 27, 1942; that if the said above enumerated delinquent rentals are not paid into the registry of this court by the debtor within fifteen days from this date, a trustee will be appointed and the property mortgaged to The Abbott Company sold or otherwise disposed of as provided for under Section 75 of the Bankruptcy Act.

*     *     *     *     *

"Upon consideration of the application of the debtor requesting that he be allowed certain sums of money from rentals paid or to be paid by him for expenses on the upkeep of the debtor's property, and the evidence as submitted by and on behalf of the debtor, the court finds that the recommendations and order heretofore made and filed herein by the Honorable Herman Aye, Supervising Conciliation Commissioner, wherein said application of the debtor was disallowed, were and are correct in every respect, and that said application for expenses on upkeep and the petition for review of the said recommendations and order of the Conciliation Commissioner, should be dismissed. * * *"

The order concluded as follows: "It Is Further Ordered that the record be made to show that exceptions were made by the debtor to the part of this order wherein the debtor's application for upkeep was dismissed and disallowed and that exceptions were taken by The Abbott Company, a corporation, to the part of this order wherein its application for liquidation was denied and the stay period fixed by this court as having begun on March 22, 1940, and continuing until March 22, 1943."

It will be observed that the court disposed of two applications in one hearing and a single order. The first was the application of the mortgagee for an order authorizing it to enforce its mortgage for the alleged reason that the stay order had ended on October 27, 1941, and to require payment of delinquent rentals, and the second was an application of the debtor for an allowance "of money from rentals paid or to be paid by him for expenses for upkeep." Upon the first application the decision was in favor of the debtor, granting to him exactly what he requested and sustaining his contention that under the Act the three-year stay period began to run upon the filing of the appraisal on March 22, 1940, and not prior thereto. No exception to this part of the order was taken by or allowed to the debtor. The second application by the debtor for expenses for upkeep was decided adversely to him and he took and was allowed an exception to that part of the order.

The debtor has attempted to appeal from both branches of the order, contending in this court (1) that the three-year period did not commence to run until the filing of the order appealed from on May 29, 1942, and that accordingly there was no rent due, and (2) that the court erred in not allowing his claim for expenses for upkeep of the property.

For various reasons it is obvious that the debtor cannot prevail in this court upon his first contention. The rule is well settled that one who secures by a judgment, order or decree all the relief he seeks cannot maintain an appeal to reverse or modify it or to review the proceedings on which it is founded. Electrical Fittings Corp. v. Thomas & Betts Co., 307 U.S. 241, 242, 59 S.Ct. 860, 83 L.Ed. 1263; Public Service Commission v. Brashear Freight Lines, Inc., 306 U.S. 204, 206, 59 S.Ct. 480, 83 L.Ed. 806; Lindheimer v. Illinois Telephone Co., 292 U.S. 151, 176, 54 S.Ct. 658, 78 L.Ed. 1182; New York Telephone Co. v. Maltbie, 291 U.S. 645, 54 S.Ct. 443, 78 L.Ed. 1041; Guarantee Co. of North America v. Phenix Ins. Co., 8 Cir., 124 F. 170, 173, certiorari denied 187 U.S. 640, 23 S.Ct. 841, 47 L.Ed. 345; Cochran v. M. & M. Transp. Co., 1 Cir., 110 F.2d 519, 522; 2 Am.Jur. 945. The court denied the application of the creditor-mortgagee to dismiss the proceedings for the alleged reason that the stay period had ended on October 27, 1941, and held that the stay period began to run on the date the appraisal was filed, March 22, 1940, and that the period would expire on March 22, 1943. Since this is what the debtor sought he cannot be heard to say that the court erred in so deciding.

Another settled rule of law is equally potent to bar the debtor's appeal from the order declaring that the stay period began to run on March 22, 1940. Assuming, but not deciding, that the decision of the District Court in this regard is erroneous under the Act, still it is the law that a party cannot successfully complain of error for which he himself is responsible or of rulings which he has invited the trial court to make. This rule is particularly applicable where, as in the instant case, no exception was taken to the ruling complained of. Law v. United States, 266 U.S. 494, 496, 45 S.Ct. 175, 69 L.Ed. 401; Wear v. Imperial Window Glass Co., 8 Cir., 224 F. 60, 63; Illinois Cent. R. R. Co. v. Egan, 8 Cir., 203 F. 937, 939; National Waterworks Co. v. Kansas City, 8 Cir., 62 F. 853, 863, 27 L.R.A. 827; 3 Am.Jur. 427.

The objection to the computation of rent in the order appealed from is well taken, however, and the error should be corrected. The stay order, which also fixed the rentals, was entered October 27, 1938. The debtor alleged and the court held that the order was not effective and that the three-year period did not begin to run until the appraisal was filed on March 22, 1940. The court, however, charged rentals for the period from October 27, 1938, until March 22, 1940, not included in the three-year period. Section 75, sub. s (2), provides that during the three-year period covered by the stay order "the debtor shall be permitted to retain possession of all or any part of his property, * * * provided he pays a reasonable rental semiannually for that part of the property of which he retains possession. The first payment of such rental shall be made within one year of the date of the order staying proceedings * * *." The effect of the court's decision in the order appealed from is that the words "the date of the order", as used in the statute, must be construed in a case like this to mean "the effective date of the order staying proceedings." The debtor requested an appraisal in his petition to be adjudged a bankrupt, and it cannot fairly be said that it was his fault that the Conciliation Commissioner, did not order a prompt appraisal. The decisions of the Supreme Court make it clear that "the three-year stay provided for in § 75, sub. s (2) may start to run only after such appraisal has been made." Wright v. Union Central Ins. Co., 311 U.S. 273, 275, 61 S.Ct. 196, 198, 85 L.Ed. 184. And this court, in Hepker v. Equitable Life Assur. Society, 8 Cir., 131 F.2d 926, 927, held that there is no authority under the statute "to make the order requiring rent payments retroactively operative, or to require payment for past enjoyment of the property to which the stay order pertains."

The appellee concedes that an error was made by the court in calculating the rental accruing prior to March 22, 1940, for the improvements while occupied by a tenant. The order should be modified by correctly computing the rentals due in accordance with the facts and this opinion, and upon payment of such rentals within fifteen days, as provided in the order appealed from, the debtor should be given an opportunity to redeem before a public sale of the property is ordered. Wright v. Union Central Ins. Co., supra.

In the view we have taken of the case the contentions of the appellant in respect of that part of the order pertaining to the commencement and end of the stay period require no further consideration.

The appeal from that part of the order denying an allowance for expenses for upkeep is without merit. No order of

court was obtained authorizing the claimed expenditures. The Commissioner heard the evidence. For the most part the expenses were estimated only. The proof was insufficient to support the claim. The finding of the Commissioner was reviewed and affirmed by the court. The decision was right, and it must be affirmed.

The order is affirmed as modified herein, and the case is remanded for further proceedings not inconsistent with this opinion.