## In re WENSTROM.

### No. 1218.

District Court, D. North Dakota, S. E. D.

Dec. 11, 1943.

George Cahill, of St. Paul, Minn., for Federal Land Bank of St. Paul and Federal Farm Mortg. Corporation.

Harry A. Weaver, of Fargo, N. D., for the bankrupt.

VOGEL, District Judge.

This is a review of an order of the Supervising Conciliation Commissioner dated October 14, 1943, turning over to the bankrupt full possession and title to certain property of which redemption was sought. The creditors claim that the order, of which review is taken, errs in that it did not provide that the bankrupt should pay rental on the real estate involved between May 28, 1943, and October 14, 1943.

This bankrupt filed his petition in these proceedings on March 6, 1940. On May 28, 1940, in the course of the proceedings, a rental order was issued by the Conciliation Commissioner providing for the payment of rent in the amount of one-fourth of the gross proceeds of small grains grown or harvested, Fifty Cents per acre for corn land, and Twenty-five Dollars in cash for use of pasture. Each year thereafter for three years the bankrupt paid rental in accordance with the original rental order. During the course of the proceedings the land involved was appraised at the sum of $2,600. On March 17, 1943, the bankrupt deposited such amount with the Supervising Conciliation Commissioner and asked for a turn-over order turning the land over to him free and clear of encumbrance. Subsequently the creditors objected to the amount of the appraisal and requested a reappraisal or hearing on value. A hearing on value was held before the Supervising Conciliation Commissioner, and he, on July 27, 1943, issued an order fixing the value of the land at $4,500, making an increase of $1,900 over and above the amount deposited by the bankrupt on March 17, 1943. On review by the creditors the value found by the Supervising Conciliation Commissioner was subsequently affirmed by this Court. In the order of July 27, 1943, fixing value, the Supervising Conciliation Commissioner gave the bankrupt until October 15, 1943, within which to deposit the additional $1,900 necessary to effect redemption at the value finally determined.

The only question now before this Court is whether or not the bankrupt should pay rent for the period between May 28, 1943, and October 14, 1943, the latter being the date upon which the bankrupt actually deposited the additional $1,900 necessary for the redemption, and the former being the date upon which the three year period referred to in the Act expired. The Act itself is somewhat indefinite. It provides, 11 U.S.C.A. § 203, sub. s(2): "During such three years the debtor shall be permitted to retain possession of all or any part of his property, in the custody and under the supervision and control of the court, *provided he pays a reasonable rental* semiannually for that part of the property of which he retains possession." (Emphasis supplied)

Neither counsel has been able to refer the Court to any case where this question has been determined. Counsel for the bankrupt does refer to Hepker v. Equitable Life Assur. Soc. of United States, 8· Cir.,

131 F.2d 926, 927, as authority supporting his contention that the Court has no jurisdiction to order the payment of rent for any time after the expiration of what he terms the rental period of three years. The case referred to is not in point. That case merely determines that under the Act the bankrupt may not be compelled to pay rent on the property prior to the entry of the order staying proceedings against the debtor, and that " * * * the authority to fix terms and conditions of rental in respect to property of which the bankrupt is accorded the right to retain possession is to be exercised only coincidentally with or after the stay order."

■ It seems to me that if the Court had the authority to extend the proceedings beyond the three year period in order to determine the value, and if the Court, after the determination of such value, had authority to grant a reasonable time thereafter within which the bankrupt might deposit such value, then the Court also had authority to charge or order the bankrupt to pay rent for such additional period. Possession and use of the property by the bankrupt goes hand in hand with the payment of rent. The payment of rent is the consideration to the creditors for their being restrained from realizing upon the security for the indebtedness owed to them. If the creditors in the instant case are to be restrained from realizing upon their security for the period between May 28, 1943, and October 14, 1943, then it is only reasonable that they should receive some consideration therefor. If that consideration be denied them, then it seems to me the Court may not restrain them from realizing upon their security, and in the event the Court attempted to do so it would be giving to the Act a construction which would not meet with the test of constitutionality.

Nowhere in the Act is the payment of rent limited to the referred to three year period.

Judge Nordbye, in his opinion In the Matter of Breuer, D. C., 52 F.Supp. 982, had the following to say: "The bankrupt is required to pay reasonable rental for that part of the property of which he retains possession. True, the Act is somewhat indefinite as to the length of time that the rental must be paid, but it necessarily follows that during the period the property is in the custody of the court, he is obligated to pay a reasonable rental. The property does not leave such custody and control until a valid turn-over order is made by the court wherein the property is vested in the bankrupt, free and clear of all encumbrances. Clearly, such turn-over order can not be made until the court has determined the fair market value." In that case, however, there was not involved rental for any period in excess of the period covered by the stay order.

Judge Nordbye also stated: "It is not necessary to determine in this proceeding the obligation to pay rental after the payment into court of a sum which is subsequently and finally approved by the Court as a fair market value."

■ In the case at bar the fair and reasonable market value was not determined until the Supervising Conciliation Commissioner's order of July 27, 1943, and in that order the bankrupt was given until October 15, 1943, to pay in the balance of the amount necessary to redeem. The bankrupt did not see fit to do that until October 14th, so that during the period between May 28, 1943, and October 14, 1943, the bankrupt had the use and possession of the property, under the custody of the court, and it seems only fair to me that he should be required to pay rental for that period. There is no statutory bar thereto and, to my mind, ordinary justice so requires.

Accordingly, the order complained of will be set aside and the case referred to the Supervising Conciliation Commissioner for the purpose of determining the amount of rental the bankrupt should pay for the period between May 28, 1943, and October 14, 1943. Upon the payment of such rental the bankrupt will be entitled to a turn-over order covering the land involved.