PUBLIC SERVICE COMMISSION et al. *v.* BRASHEAR FREIGHT LINES, INC., et al.

No. 605. Decided February 13, 1939.

---

*Messrs. James H. Linton* and *Daniel C. Rogers* were on a brief for appellants.

No appearance for appellees.

PER CURIAM.

Appellees, Brashear Freight Lines, Inc., and others, common carriers of property for hire by motor vehicles operated in interstate commerce over the highways of Missouri and other States, brought this suit to restrain the enforcement of the statute of Missouri known as the Missouri Bus and Truck Act, effective September 15, 1931.

As an interlocutory injunction was sought, a temporary restraining order was issued and a court of three judges was convened pursuant to § 266 of the Judicial Code. 28 U. S. C. 380. It was later agreed "that the temporary restraining order should remain in effect until final decision on the merits of the relief asked in the plaintiffs' bill of complaint and that hearing on plaintiffs' application for a temporary and permanent injunction should be consolidated."

Defendants, Public Service Commission of Missouri and several state officers, in their answer included a counterclaim of the Public Service Commission seeking an accounting from plaintiffs for fees due to the State under the above mentioned Act for the use of the public highways during the time that the temporary restraining order was in effect. Upon stipulation, the restraining order was modified so as to provide for deposit of license fees with a trustee pending the termination of the litigation.

On hearing, the District Court entered its final decree as follows:

"1. That the plaintiffs are not entitled to a permanent injunction against the defendants;

"2. That the relief prayed for in plaintiffs' bill of complaint should be and is hereby in all respects denied, and

plaintiffs' bill of complaint is hereby dismissed on its merits;

"3. That the temporary restraining order heretofore granted to plaintiffs by this court against the defendants, be and the same hereby is dissolved;

"4. That the issue raised by the defendants' counterclaim, not having been urged nor presented by the parties, and the court being in doubt as to the right of the defendants to maintain such counterclaim, it is ordered that the same be and it hereby is dismissed without prejudice to the right of the defendants, or either of them, to maintain an independent action or suit thereon, if they, or either of them, shall be so advised;

"5. That defendants recover their costs and disbursements herein, to be taxed as provided by law and inserted herein in the sum of . . . . . . . . Dollars."

On motion for rehearing, paragraph 4 of the decree was modified by striking out the following words relating to the defendants' counterclaim, to wit, "not having been urged nor presented by the parties," and rehearing was denied.

The Public Service Commission brings this appeal seeking to review paragraph 4 of the decree, as amended, dismissing the counterclaim.

The appellate jurisdiction of this Court on direct appeal from a final decree by a District Court composed of three judges under § 266 of the Judicial Code is strictly limited as follows:

"a direct appeal to the Supreme Court may be taken from a final decree granting or denying a permanent injunction in such suit."

The Public Service Commission as the successful party below has no standing to appeal from the decree denying the injunction. *New York Telephone Co.* v. *Maltbie,* 291 U. S. 645; *Lindheimer* v. *Illinois Telephone Co.,* 292 U. S.

151, 176. And as no appeal has been taken to review the decree denying the injunction, this Court is without jurisdiction.

Section 266 as originally enacted applied only to cases in which an interlocutory injunction was granted or denied and the purpose was to make interference by such an injunction with the enforcement of state legislation a matter for the adequate hearing and full deliberation which the presence of three judges was likely to secure. *Cumberland Telephone Co.* v. *Public Service Comm'n,* 260 U. S. 212, 216; *Stratton* v. *St. Louis Southwestern Ry. Co.,* 282 U. S. 10, 14. The amendment that the requirement of a court of three judges should also apply to the final hearing on the application for a permanent injunction was to end the anomalous situation in which a single judge might reconsider and decide questions already passed upon by three judges on the application for an interlocutory injunction. *Smith* v. *Wilson,* 273 U. S. 388, 390, 391; *Stratton* v. *St. Louis Southwestern Ry. Co., supra.* And, as direct appeal to this Court was permitted from an order granting or denying an interlocutory injunction, the amendment provided also for such a direct appeal from a final decree granting or denying a permanent injunction.

It necessarily follows that, unless there is a proper appeal from a decree granting or denying an interlocutory or permanent injunction, the provision in § 266 for a direct appeal to this Court has no application. The appeal is

*Dismissed.*