**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**James SHELLEY, Defendant-Appellant.**

**No. 116, Docket 23246.**

United States Court of Appeals,
Second Circuit.

Argued Nov. 12, 1954.

Decided Dec. 29, 1954.

Edgar G. Brisach, Asst. U. S. Atty., Brooklyn, N. Y. (Leonard P Moore, U. S. Atty., Brooklyn, N. Y., on the brief), for plaintiff-appellee.

Louis J. Castellano, Jr., Brooklyn, N. Y., for defendant-appellant.

Before CLARK, Chief Judge, and FRANK and HARLAN, Circuit Judges.

CLARK, Chief Judge.

Defendant Shelley was prosecuted below on an information charging misuse of a passport in violation of 18 U.S.C. § 1544. The case was tried to the court on a stipulation of facts stating that Shelley had delivered a passport made out in his name to one Claflin in the Southern District of New York, knowing that Claflin intended to use the passport to obtain the illegal entry into the United States of an alien named Koch. Thereafter Claflin caused the passport to be given to Koch in Europe, who used it to effect entrance into the United States at the New York International or

Idlewild Airport in the Eastern District. After the court had received the stipulation, Shelley made motions both for dismissal and for a judgment of acquittal. Judge Inch granted a motion to dismiss for failure to show commission of the offense charged in the Eastern District of New York, but refused to rule on other motions going to the merits. Shelley appeals from failure to grant these other motions, contending that they were intimately involved in the motion to dismiss for improper venue. In a motion to dismiss the appeal the government asserts that the order below was unappealable because interlocutory; but in further contending that defendant has no standing to appeal, it asserts that in fact a crime was committed in the Eastern District.

 An order of dismissal for lack of venue, contrary to the assertion of the government, is final and appealable. "That the dismissal was without prejudice to filing another suit does not make the cause unappealable, for denial of relief and dismissal of the case ended this suit so far as the District Court was concerned." United States v. Wallace & Tiernan Co., 336 U.S. 793, 794, 795 n. 1, 69 S.Ct. 824, 825, 93 L.Ed. 1042. And see Butler v. Ungerleider, 2 Cir., 187 F.2d 238; Lopinsky v. Hertz Drive-Ur-Self Systems, 2 Cir., 194 F.2d 422; Jiffy Lubricator Co. v. Stewart-Warner Corp., 4 Cir., 177 F.2d 360, 362, certiorari denied 338 U.S. 947, 70 S.Ct. 484, 94 L.Ed. 584; 6 Moore's Federal Practice ¶ 54.12[1], p. 114 (2d Ed.1953).

We do not need to reach the claim of the United States that Shelley should be held under 18 U.S.C. § 2 to have committed a crime in the Eastern District as an aider and abettor of Koch's action at Idlewild, because we accept the other contention of the United States that Shelley has no standing to appeal. A judgment is appealable only at the behest of a party aggrieved by it. United States v. Adamant Co., 9 Cir.. 197 F.2d 1, certiorari denied Bullen v. Scoville, 344 U.S. 903, 73 S.Ct. 283, 97

L.Ed. 698; Keeler v. C.I.R., 10 Cir., 180 F.2d 707; In re Michigan-Ohio Bldg. Corp., 7 Cir., 117 F.2d 191. Having received the contested order of dismissal at his own request, Shelley is a successful litigant without appealable interest. He is not injured, and—luckily for him—may not appeal. The appeal must therefore be dismissed.

Appeal dismissed.