**1054**

NATIVE VILLAGE OF TYONEK,
Plaintiff–Appellee,

v.

Donald PUCKETT, and Erna Puckett;
Fred Slawson, and Virginia Slawson,
Defendants–Appellants.

NATIVE VILLAGE OF TYONEK,
Plaintiff–Appellant,

v.

Donald PUCKETT; Erna Puckett; Alex-
andra Kaloa; Esther Kaloa; Fred Slaw-
son; Virginia Slawson; Alec Constan-
tine; Olga Constantine, Defendants–
Appellees.

NATIVE VILLAGE OF TYONEK,
Plaintiff–Appellee,

v.

Donald PUCKETT, and Erna Puckett;
Fred Slawson, and Virginia
Slawson, Defendants,

and

Alexandra Kaloa; Esther Kaloa; Alec
Constantine; Olga Constantine,
Defendants–Appellants.

Nos. 87–3569, 87–3587 and 87–3588.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 5, 1988.

Submission Vacated Nov. 28, 1988.

Resubmitted Aug. 8, 1989.

Memorandum Filed Aug. 11, 1989.

Opinion Issued as Amended
Nov. 24, 1989.

Rehearing Denied in No. 87–3588
Nov. 24, 1989.

Bertram E. Hirsch, Floral Park, N.Y.,
James F. Vollintine, Anchorage, Alaska,
for plaintiff-appellant, Native Village of
Tyonek.

Robert H. Wagstaff, Anchorage, Alaska,
for appellants Kaloa and Constantine.

Randall G. Simpson, Jermain, Dunnagan
& Owens, Lewis F. Gordon, Bailey & Ma-
son, Anchorage, Alaska, for defendants-ap-
pellees and cross-defendants-appellants.

Robert T. Anderson, Native American
Rights Fund, Anchorage, Alaska, for ami-
cus curiae, Akiachak Native Community.

Douglas K. Mertz, Asst. Atty. Gen. of Alaska, Juneau, Alaska, for amicus curiae, The State of Alaska.

Before WRIGHT, ALARCON and POOLE, Circuit Judges.

ALARCON, Circuit Judge.

The Native Village of Tyonek (Village) instituted this action seeking to evict non-members Donald and Erna Puckett (Pucketts), and Fred and Virginia Slawson (Slawsons), from the village. The Village also sought an order enjoining village members Alexandra and Esther Kaloa (Kaloas), and Alec and Olga Constantine (Constantines), from leasing their homes to non-members. The Village alleged that the non-members violated Village Ordinance No. 4 and the members violated Village Ordinance No. 65–32.

The Pucketts and Slawsons filed counterclaims against the Village, and third-party complaints against four officers of the Village Council alleging violations of their constitutional and civil rights. The Kaloas and the Constantines moved to dismiss the Village's complaint. The remaining parties moved for summary judgment.

The district court dismissed the Village's complaint concluding the court lacked subject matter jurisdiction under 28 U.S.C. §§ 1331, 1362 and 28 U.S.C. § 2201 (Supp. IV 1986). The court dismissed the counterclaims and third-party claims concluding that the Village is immune from suit under sovereign immunity, and that the officers are protected by derivative sovereign immunity.

The Village appeals from the dismissal of the complaint. The Pucketts and Slawsons appeal from the dismissal of their counterclaims and third party claims. The Kaloas and Constantines appeal from the dismissal of the Village's complaint against them. This court has jurisdiction over each appeal under 28 U.S.C. § 1291 (1982).

The district court concluded it did not have subject matter jurisdiction over the Village's claims against the Pucketts and Slawsons because the claims merely involved the enforcement of a village ordinance which did not involve federal law. In so holding the district court relied on the rationale of *Boe v. Fort Belknap Indian Community*, 642 F.2d 276 (9th Cir.1981) which held that the application of a tribal ordinance did not involve a federal question. However, *Boe* is distinguishable from the present situation because *Boe* involved the application of the ordinance exclusively to tribal members.

Significantly, the Village's claims against the Pucketts and Slawsons involve the application of the village ordinance to non-members of the Tyonek village. The rule concerning the application of a tribal ordinance to non-members of a village is expressed in *Chilkat Indian Village v. Johnson*, 870 F.2d 1469, 1475 (9th Cir. 1989). In *Johnson*, the Chilkat village council sought damages from non-member defendants who removed Chilkat artifacts in contravention of a Chilkat village ordinance. The district court dismissed on jurisdictional grounds. We reversed the dismissal of the claim of the Chilkat Village Council. We held that the district court had subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1362. *Johnson*, at 1473. We concluded that a federal question existed because "the heart of the controversy over the claim will be the Villages's power, under federal law, to enact its ordinance and apply it to non-Indians." *Johnson*, at 1473.

A similar question is presented in this case. The Village of Tyonek is attempting to apply its ordinance to non-members of the Tyonek village. Pursuant to Ordinance No. 4, the Village is attempting to bar non-members from staying in the village for any period longer than 24 hours unless they receive the Village's permission to remain. As in *Johnson*, the Village's power to apply this ordinance will require a showing of its authority, under federal law, to enact and enforce this ordinance against non-members of the village. *Johnson*, at 1474.

The Kaloas and Constantines have no standing to cross appeal because they

were successful in obtaining a dismissal of the complaint in the district court. *See Public Service Comm'n v. Brashear Freight Lines, Inc.*, 306 U.S. 204, 206, 59 S.Ct. 480, 481, 83 L.Ed. 608 (1939) (per curiam) ("successful party below has no standing to appeal from the denial of an injunction"); *Bryant v. Technical Research Co.*, 654 F.2d 1337, 1343 (9th Cir. 1981) (a party not aggrieved by the district court's order has no standing to appeal).

Accordingly we REVERSE the dismissal of the Village's claims against the Pucketts and Slawsons and REMAND those claims to district court. The remaining portion of the district court's judgment is AFFIRMED.