901 F.2d 810
 65 A.F.T.R.2d 90-1036, 90-1 USTC P 50,237
 Dorothy SCHWARTZ ROJAS, Schwartz Farms, Inc., and Estate of
Charles R. Schwartz, Deceased, Bank of America,
National Trust and Savings Association,
Administrator, Petitioners-Appellees,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellant.
Dorothy SCHWARTZ ROJAS, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
SCHWARTZ FARMS, INC., Estate of Charles R. Schwartz,
Deceased, et al., Petitioners-Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 Nos. 88-7521, 89-70027 and 89-70028.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted March 12, 1990.
Decided April 26, 1990.
 
 Gary R. Allen, John A. Dudeck, Jr., Tax Div., Dept. of Justice, Washington, D.C., for respondent-appellant-cross-appellee.
 Robert L. Sullivan, Jr., Fresno, Cal., for petitioners-appellees-cross-appellants.
 Craig A. Houghton, Baker, Manock & Jensen, Fresno, Cal., for petitioner-appellee-cross-appellant.
 Appeal from the United States Tax Court.
 Before SNEED, FARRIS and FERNANDEZ, Circuit Judges.
 SNEED, Circuit Judge:
 
 
 1
 The Commissioner of Internal Revenue (the Commissioner) determined deficiencies in the income taxes of Schwartz Farms, Inc. (Schwartz Farms), a dissolved corporation. The Commissioner further asserted that Schwartz Farms' primary shareholders, Dorothy Schwartz Rojas and her deceased husband's estate (collectively referred to as "the taxpayer"), were liable for the alleged deficiencies. The taxpayer petitioned the Tax Court for a review of the Commissioner's determination. The Tax Court decided in favor of the taxpayer. The Commissioner appeals the Tax Court's decision and the taxpayer cross-appeals on an evidentiary matter. We affirm.
 
 I.
 FACTS AND PROCEEDINGS BELOW
 
 2
 The facts have been stipulated. Dorothy and Charles Schwartz were the primary shareholders of Schwartz Farms, Inc., a closely held corporation engaged in farming row crops. Following Charles Schwartz's death on April 6, 1976, Dorothy Schwartz (now Dorothy Schwartz Rojas) elected to subject her community property interest in Schwartz Farms to administration in her husband's estate. On October 1, 1976, Schwartz Farms adopted a plan of complete liquidation under 26 U.S.C. Sec. 337 (1976).[1] Various liquidation distributions to shareholders were made over the next three years.
 
 
 3
 In the 1976 liquidation distribution, Schwartz Farms transferred to the taxpayer all of its "operating assets," comprising in part both harvested and unharvested crops. The taxpayer realized a long-term capital gain of $681,514 upon receipt of the operating assets, representing the difference between the fair market value of all the assets distributed and the income tax basis of Schwartz Farms' stock in the taxpayer's hands. The operating assets acquired a fair market value basis in the hands of the taxpayer under 26 U.S.C. Sec. 334(a) (1976).
 
 
 4
 Schwartz Farms filed its final income tax return for the fiscal year ending January 31, 1977. On that return, Schwartz Farms deducted all of the cultivation and operating expenses incurred during its final year of operation. Schwartz Farms was a cash basis taxpayer and thus could properly deduct its business expenses as they were incurred, under 26 U.S.C. Sec. 162(a) (1976). Of the total value of section 162(a) deductions that Schwartz Farms took on its final tax return, $909,904 is in dispute. This is the cost of producing unharvested crops that eventually were transferred to the taxpayer during liquidation.
 
 
 5
 The Commissioner conceded that all of Schwartz Farms' cultivation expenses deducted under section 162(a) were incurred in the ordinary course of business. Accordingly, the Commissioner did not seek to disallow the $909,904 in section 162(a) deductions taken for production of unharvested crops. Instead, the Commissioner, after abandoning accrual accounting and assignment of income theories, sought to recapture the value of these deductions through application of the tax benefit rule. The Tax Court rejected the Commissioner's request to apply the tax benefit rule in this case and decided in favor of the taxpayer. The Commissioner appeals.
 
 The Cross-Appeal
 
 6
 The stipulation of facts reserved to either party the right to object to such facts on the grounds of materiality or relevancy. The stipulation is incorporated into the Tax Court opinion.
 
 
 7
 The Tax Court overruled the taxpayer's objection to the relevancy of certain stipulated facts concerning the disposition of assets transferred to Charles Schwartz's estate after the liquidation distribution. The taxpayer appeals from the Tax Court's determination that the challenged facts are admissible as evidence. On appeal to this court, the Commissioner asserts that post-liquidation events are relevant to the central question of whether the tax benefit rule requires a restoration to income of the value of Schwartz Farms' earlier deduction.
 
 II.
 JURISDICTION
 
 8
 This court has jurisdiction under 26 U.S.C. Sec. 7482(a) (1982). The Commissioner disputes this court's jurisdiction to hear the taxpayer's cross-appeal on the ground that a successful party has no rights of appeal from an entirely favorable judgment. See Public Serv. Comm'n v. Brashear Freight Lines, Inc., 306 U.S. 204, 206, 59 S.Ct. 480, 481, 83 L.Ed. 608 (1939). Yet, a protective cross-appeal is permissible once an initial appeal has been filed, raising the possibility of reversal. Bryant v. Technical Research Co., 654 F.2d 1337, 1341-42 (9th Cir.1981). Therefore, we have jurisdiction over the cross-appeal.
 
 III.
 STANDARDS OF REVIEW
 
 9
 We review de novo the applicability of tax benefit principles to the stipulated facts. See Stern v. Commissioner, 747 F.2d 555, 557 (9th Cir.1984) ("The Tax Court's application of law to undisputed facts ... is reviewable de novo."). Abuse of discretion is the proper standard with respect to the issue raised by the cross-appeal. See Sochin v. Commissioner, 843 F.2d 351, 355 (9th Cir.), cert. denied, --- U.S. ----, 109 S.Ct. 72, 102 L.Ed.2d 49 (1988).
 
 IV.
 ANALYSIS
 
 10
 The Commissioner does not dispute that the taxpayer's actions were in technical compliance with all relevant Internal Revenue Code sections. No such section requires the result the Commissioner seeks. Rather, the Commissioner argues that the tax result obtained is improper because in essence it converts corporate ordinary income into shareholder capital gain. Specifically, the Commissioner argues that Schwartz Farms should have to recognize as income $909,904, the value of the section 162(a) business deductions it took for producing unharvested crops that eventually were distributed to the taxpayer during liquidation. Had this been done, Schwartz Farms and the taxpayer would have had taxable gain as ordinary income and capital gains respectively. The Commissioner asserts further that the taxpayer is liable for Schwartz Farms' alleged income tax deficiency since the taxpayer was Schwartz Farms' primary shareholder and the transferee of its unharvested crops.
 
 
 11
 Because the taxpayer engineered its windfall without violating the letter of any section of the Code, the Commissioner is forced to seek to recapture the $909,904 of unrecognized income through application of the tax benefit rule. Essentially, the tax benefit rule is used by courts to adjust income and deduction inconsistencies between tax years.[2] The consolidated cases of Hillsboro Nat'l Bank v. Commissioner and United States v. Bliss Dairy, Inc., 460 U.S. 370, 103 S.Ct. 1134, 75 L.Ed.2d 130 (1983), represent the Supreme Court's latest analysis of the tax benefit rule.
 
 
 12
 In Bliss Dairy, the Supreme Court applied the tax benefit rule to require a dairy farm to recognize as income the value of business deductions it had taken during the previous year for cattle feed that ultimately was not fed to cattle but distributed to shareholders during the farm's liquidation. The Court stated that the premise of a section 162(a) business deduction is that the item or service acquired will be consumed in the course of a trade or business. Id. at 395, 103 S.Ct. at 1149. Accordingly, the Court held that the farm's liquidation distribution of unconsumed feed was "fundamentally inconsistent" with the premise on which the deduction of the feed was based. Id. at 383, 103 S.Ct. at 1143; see also id. at 395, 103 S.Ct. at 1149. The Court applied the tax benefit rule to remedy the inconsistency, requiring the farm to recognize as income the value of the deduction taken for unconsumed feed distributed during liquidation. Id. at 396, 103 S.Ct. at 1149. By the same token, the tax benefit rule did not require the farm to recognize as income the value of deductions taken for feed that was actually consumed prior to liquidation. Id.
 
 
 13
 The Commissioner argues that Bliss Dairy requires application of the tax benefit rule because Schwartz Farms' liquidation distribution of unharvested crops, whose cultivation cost had been fully deducted, was fundamentally inconsistent with the premise on which those deductions were based. The Bliss Dairy facts, however, differ clearly from the facts at hand. Schwartz Farms actually consumed all of its seed, fertilizer, and other deducted cultivation assets prior to liquidation; none of the deducted assets were distributed to shareholders in an unused or unconsumed form. The Commissioner argues that crops are merely the physical transformation of the expensed cultivation assets; only a sale of the crop avoids the "inconsistency" of which Bliss Dairy spoke. A liquidation distribution of unharvested crops is, according to the Commissioner, equivalent to the distribution of unconsumed feed in Bliss Dairy.
 
 
 14
 The Commissioner argues that consumption in a business context necessarily involves the ultimate production of income. Schwartz Farms' cultivation expenses of $909,904 did not produce income by the farm because the crops were distributed to the taxpayer prior to harvest. Therefore, reasons the Commissioner, Schwartz Farms' liquidation distribution of unharvested crops was fundamentally inconsistent with the premise on which deduction of the unsold crops' cultivation cost was based.
 
 
 15
 We decline to extend Bliss Dairy in this manner. To do so would extend the tax benefit rule well beyond the parameters outlined in Bliss Dairy. We share the Tax Court's reluctance to go beyond the facts of Bliss Dairy. We also subscribe to its description set forth in the margin of the consequences of doing so.[3]
 
 
 16
 The problem this case presents, the conversion of ordinary income into capital gain, is not unusual. The recapture of excess depreciation deductions provided for by 26 U.S.C. Sec. 1245 (1988) addresses a very similar problem in a different context. The corporate liquidation and basis provisions of the Code also contribute to the problem. Courts should be hesitant to create sweeping rules which are addressed to the numerous variations of a problem and which, because of their breadth and the absence of sharply defined limits, inevitably must be modified by Congress to fix more precisely their reach. We doubt that Congress requires any such instruction from us.The Taxpayer's Cross-Appeal
 
 
 17
 The taxpayer appeals the Tax Court's determination that facts concerning the post-liquidation disposition of Schwartz Farms' assets are relevant. That determination was not an abuse of discretion. Evidence of the sale of distributed crops by the taxpayer after liquidation arguably contributed to the Commissioner's assertion that the taxpayer is liable for deficiencies in Schwartz Farms' income taxes.
 
 
 18
 AFFIRMED.
 
 
 
 [1]
 We apply the tax laws that were in effect when the events of this case took place
 
 
 [2]
 See United States v. Bliss Dairy, Inc., 460 U.S. 370, 387-88 n. 22, 103 S.Ct. 1134, 1145 n. 22, 75 L.Ed.2d 130 (quoting Lassen, The Tax Benefit Rule and Related Problems, 20 Taxes 473 (1942))
 
 
 [3]
 The issue here is more than a semantic difference between the respondent and petitioners over the meaning of the word "consumed." Respondent's application of the tax-benefit rule in this case is a significant expansion of the rule and, in our view, goes far beyond its intended scope. Under respondent's formulation, every business deduction under section 162 would be "cancelled out" if an unforeseen event, not just a corporate liquidation, frustrated the sale of any products which would otherwise have been completed and sold. In this case, it is particularly significant that respondent seeks to recapture deductions for general and administrative overhead and equipment maintenance costs. Under the respondent's formulation of the rule, therefore, every taxpayer, regardless of its method of accounting, would be required to precisely allocate and recapture all of its business deductions attributable to the production of products every time an unforeseen event frustrated their sale. The respondent's formulation goes beyond "rough transactional parity." Such an expansive recapture rule is not contemplated by either the holding of Bliss Dairy, which is limited to recapture of the deduction for the costs of assets which were themselves distributed in the liquidation, or by the spirit of the case, which referred to the tax-benefit rule as a "limited rule." 460 U.S. at 389, 103 S.Ct. at 1146. Respondent has cited no authority which suggests that we should go beyond the holding of the Supreme Court in Bliss Dairy
 Rojas v. Commissioner, 90 T.C. 1090, 1103-04 (1988).