**NATIVE VILLAGE OF TYONEK, Plaintiff–Appellee,**

v.

**Donald PUCKETT, and Erna Puckett; Fred Slawson, and Virginia Slawson, Defendants–Appellants.**

**NATIVE VILLAGE OF TYONEK, Plaintiff–Appellant,**

v.

**Donald PUCKETT; Erna Puckett; Alexandra Kaloa; Esther Kaloa; Fred Slawson; Virginia Slawson; Alec Constantine; Olga Constantine, Defendants–Appellees.**

**NATIVE VILLAGE OF TYONEK, Plaintiff–Appellee,**

v.

**Donald PUCKETT, and Erna Puckett; Fred Slawson, and Virginia Slawson, Defendants,**

and

**Alexandra Kaloa; Esther Kaloa; Alec Constantine; Olga Constantine, Defendants–Appellants.**

Nos. 87–3569, 87–3587 and 87–3588.

United States Court of Appeals, Ninth Circuit.

Opinion Filed Jan. 13, 1992.

Opinion Withdrawn March 16, 1992.

Opinion Filed March 16, 1992.

---

Bertram E. Hirsch, Floral Park, N.Y., James F. Vollintine, Anchorage, Alaska, for plaintiff-appellant.

Randall G. Simpson, Jermain, Dunnagan & Owens; Lewis F. Gordon, Ashburn & Mason, Anchorage, Alaska, for defendants-appellees, cross defendants-appellants.

Before WRIGHT, ALARCON and POOLE, Circuit Judges.

### ORDER

The opinion filed January 13, 1992, is withdrawn.

### OPINION

ALARCON, Circuit Judge:

In *Native Village of Tyonek v. Puckett,* 890 F.2d 1054 (9th Cir.1989), we reversed the dismissal of the Village of Tyonek's (Village) complaint against Donald and Erna Puckett (Pucketts) and Fred and Virginia Slawson (Slawsons). We affirmed the dismissal of the Pucketts and Slawsons counterclaims against the Village, and their third-party claims against four Village Council officials. We also affirmed the dismissal of the Village's complaint against Alexandra and Esther Kaloa (Kaloas) and Alec and Olga Constantine (Constantines). This matter was remanded to this court by the Supreme Court for our reconsideration in light of its decision in *Oklahoma Tax Commission v. Citizen Band Potawatomi*

*Indian Tribe of Oklahoma,* — U.S. —, 111 S.Ct. 905, 112 L.Ed.2d 1112 (1991). We have concluded that we cannot determine the applicability of *Oklahoma Tax Commission* until the district court has had the opportunity to prepare express findings to support its holding that the Native Village of Tyonek is an Indian tribe protected by the doctrine of sovereign immunity, and that its real property is "Indian country."

## BACKGROUND

The Native Village of Tyonek (Village) filed a complaint in the district court. The object of this action is to evict Donald and Erna Puckett (Pucketts) and Fred and Virginia Slawson (Slawsons) from Village territory because they are not members of the tribe. The Village alleged that the extended presence of non-members Pucketts and Slawsons in Village territory violated Village Ordinance No. 4. The Village also sought to enjoin tribal members Alexandra and Esther Kaloa (Kaloas), and Alec and Olga Constantine (Constantines) from leasing their homes to the Pucketts and Slawsons in violation of Village Ordinance No. 65–32.

The Pucketts and Slawsons filed counterclaims against the Village and third party complaints against four Village Council officers, alleging violations of their constitutional and civil rights. The Kaloas and Constantines moved to dismiss the Village's complaint. The remaining parties moved for summary judgment.

The district court dismissed the Village's complaint for lack of subject matter jurisdiction. The district court also dismissed the counterclaims and third party complaints. The district court concluded that the Village is a tribe and is immune from suit under the doctrine of sovereign immunity and that the Village Council officers are protected from liability based on derivative sovereign immunity. The district court explained its ruling on this question as follows:

I conclude, based upon Tyonek's history and the manner in which the federal government has dealt with Tyonek, that the Village possesses sovereign immunity from suit like that of any other Indian tribes in the contiguous United States. I further conclude that neither the federal government nor Tyonek has waived the Village's immunity in this case or consented for the Pucketts and Slawsons to bring counterclaims against it. I also conclude that the claims of the Pucketts and Slawsons against Tyonek's officers are based upon conduct within the scope of these officers' official capacities and within the scope of the authority that the Village is capable of bestowing upon them.

The district court did not enter written findings in support of its conclusion that the Village is a tribe protected by the doctrine of sovereign immunity.

The Kaloas and Constantines appeal from the dismissal of the Village's complaint against them. The Village appeals from the dismissal of the complaint. The Pucketts and the Slawsons appeal from the dismissal of their counterclaims and third-party claims. This court has jurisdiction over each appeal under 28 U.S.C. § 1291.

## DISCUSSION

### A. *Standing of the Kaloas and the Constantines to File an Appeal*

The Kaloas and Constantines argue that the injunctive relief sought by the Village, if granted, would amount to the judicial enforcement of a racially restrictive ordinance in violation of the United States Constitution, the Indian Civil Rights Act (25 U.S.C. § 1302), the Civil Rights Act of 1866 (42 U.S.C. § 1982), the Village's own corporate charter, and Supreme Court precedent.

■ Because the district court dismissed the Village's complaint against the Kaloas and Constantines and did not grant injunctive relief, the Kaloas and Constantines have no standing to appeal. *See Public Serv. Comm'n v. Brashear Freight Lines Inc.,* 306 U.S. 204, 206, 59 S.Ct. 480, 481, 83 L.Ed. 608 (1939) (successful party below has no standing to appeal from the denial of an injunction); *Bryant v. Technical Research Co.,* 654 F.2d 1337, 1343 (9th Cir. 1981) (a party not aggrieved by the district

court's order has no standing to appeal). Accordingly, their appeal must be dismissed.

### B. *Subject Matter Jurisdiction Over the Village's Cause of Action*

■ The district court concluded it did not have subject matter jurisdiction over the Village's complaint because the claims alleged against the defendants involved the enforcement of village ordinances and not federal law. In so holding, the district court relied on the rationale of *Boe v. Fort Belknap Indian Community*, 642 F.2d 276 (9th Cir.1981), in which we held that the application of a tribal ordinance did not involve a federal question. *Id.* at 279. We agree with the district court that we do not have subject matter jurisdiction under *Boe* to hear the Village's complaint against the Kaloas and Constantines. As in *Boe*, the Village argues that the allegations in their complaint are sufficient to state a cause of action which 'arises under' federal law because the Village's ordinances were adopted pursuant to and under the authority of the Indian Reorganization Act, 25 U.S.C. §§ 476, 477. Although "[i]t is true that 25 U.S.C. §§ 476, 477 provide the authority and procedures whereby Indian tribes may adopt constitutions and bylaws and ratify corporate charters, ... that fact alone is insufficient to confer federal question jurisdiction" over a dispute between members of a tribe. *Id.* We also conclude, however, that *Boe* does not preclude us from asserting subject matter jurisdiction over the Village's complaint against the Pucketts and Slawsons.

*Boe* involved the application of a tribal ordinance exclusively to tribal members. *Boe* is distinguishable from the present situation because the Village's complaint against the Pucketts and Slawsons involves the application of a village ordinance to non-members of the Native Village of Tyonek. The rule concerning the application of a tribal ordinance to non-members of a village is expressed in *Chilkat Indian Village v. Johnson*, 870 F.2d 1469, 1473–75 (9th Cir.1989). In *Johnson*, the Chilkat village council sought damages from non-member defendants who removed Chilkat artifacts in contravention of a Village ordinance. *Id.* at 1470. The district court dismissed on jurisdictional grounds. *Id.* We reversed the dismissal of the claim of the Chilkat Village Council. We held that the district court had subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1362. *Id.* at 1473. As we explained, "whether the Village's claim to enforce its ordinance arises under federal law.... depends upon the status of the defendants against whom the ordinance is sought to be imposed.... [C]laims for enforcement of the ordinance against the non-Indian defendants does arise under federal law within the meaning of 28 U.S.C. §§ 1331 and 1362." *Id.* (footnote omitted).

A similar question is presented in this matter. The Village of Tyonek is attempting to apply its ordinance to non-members of the Tyonek Village. Pursuant to Ordinance No. 4, the Village is attempting to bar non-members from staying in the Village for any period longer than 24 hours unless they receive the Village's permission to remain. As in *Johnson*, the Village's power to apply this ordinance will require a showing of its authority, under federal law, to enact and enforce this ordinance against non-members of the Village. *Id.* at 1474.

### C. *Sovereign Immunity of the Village*

■ The Pucketts and Slawsons contend that the Village is not entitled to protection from suit under the doctrine of sovereign immunity. They argue that the Village fails to meet the prerequisites for the application of sovereign immunity set forth in *Oklahoma Tax Commission*. We cannot address the effect, if any, of *Oklahoma Tax Commission* on the question whether the Village possesses sovereign immunity from suit by the Pucketts and Slawsons, because the present record fails to set forth sufficient facts to demonstrate that the Village is an Indian tribe in the political sense, and that the real property it owns is Indian country.

"[S]overeign immunity is an incident of sovereign power, and ... the sovereign power of an Indian community depends on

its tribal status." *Alaska v. Native Village of Venetie*, 856 F.2d 1384, 1387 (9th Cir.1988). Thus, to determine whether the Village and its officers are entitled to immunity from suit, the record must show that the Village constitutes a tribe.

■ An Indian community constitutes a tribe if it can show that (1) it is recognized as such by the federal government, *United States v. Sandoval*, 231 U.S. 28, 46–47, 34 S.Ct. 1, 5–6, 58 L.Ed. 107 (1913), or (2) it is "a body of Indians of the same or a similar race, united in a community under one leadership or government, and inhabiting a particular though sometimes ill-defined territory." *Montoya v. United States*, 180 U.S. 261, 266, 21 S.Ct. 358, 359, 45 L.Ed. 521 (1901); *Native Village of Noatak v. Hoffman*, 896 F.2d 1157, 1160 (9th Cir.1990), *rev'd on other grounds sub nom. Blatchford v. Native Village of Noatak*, — U.S. —, 111 S.Ct. 2578, 115 L.Ed.2d 686 (1991). In addition, we have required that the group claiming tribal status show that they are "the modern-day successors" to a historical sovereign entity that exercised at least the minimal functions of a governing body. *Native Village of Venetie I.R.A. Council v. Alaska*, 944 F.2d 548, 559 (9th Cir.1991).

We have previously discussed certain factors that may be considered in determining whether an Alaskan native village constitutes a tribe. First, although organization under the Indian Reorganization Act ("the IRA"), 25 U.S.C. §§ 461–79 (1988) is not in itself dispositive of the Village's tribal status, it is evidence of the Village's political cohesiveness, which must be weighed along with the other *Montoya* factors. *Native Village of Venetie*, 856 F.2d at 1387. In addition, we have suggested that the regulations governing federal recognition of tribal status, 25 C.F.R. Part 83, may guide a judicial inquiry into this question. *Id.*, (referring to *Price v. Hawaii*, 764 F.2d 623, 626–28 (9th Cir. 1985), *cert. denied*, 474 U.S. 1055, 106 S.Ct. 793, 88 L.Ed.2d 771 (1986)); *Native Village of Venetie IRA Council*, 944 F.2d at 557 n. 10.

We have held that certain Alaskan native villages constitute tribes for the purpose of 28 U.S.C. § 1362 (1988), which provides for federal jurisdiction over civil actions raising a federal question "brought by any Indian tribe or band with a governing body duly recognized by the Secretary of the Interior." *Native Village of Venetie I.R.A. Council*, 944 F.2d at 551–52; *Native Village of Noatak*, 896 F.2d at 1160. However, we have not addressed the question whether any Alaskan native village constitutes an Indian tribe for the purpose of sovereign immunity. We cannot reach this question because, as noted above, the district court failed to enter express findings of facts or develop a record to support its conclusion that the Native Village of Tyonek is an Indian tribe protected by sovereign immunity. Accordingly, we must remand so that an adequate record can be prepared so that we may review this "complex factual question." *Native Village of Venetie*, 856 F.2d at 1391.

### D. Derivative Sovereign Immunity for the Village Council Officers

The Pucketts and Slawsons contend that the Village Council officers lost their entitlement to derivative immunity from suit because the named individuals allegedly discriminated against them on the basis of their race. The Pucketts and Slawsons argue that this discrimination exceeded the permissible scope of the officers' authority and made the officers subject to suit for violations of the Civil Rights Act (42 U.S.C. § 1981, 1982, and 1985) and for state law tort actions.

We cannot decide the applicability of derivative immunity until the factual issues that govern the determination whether the Native Village of Tyonek has sovereign immunity are properly resolved by the district court.

### CONCLUSION

The appeal filed by the Kaloas and Constantines is DISMISSED. The dismissal of the Village's claims against the Pucketts and Slawsons is REVERSED and REMANDED. The dismissal of the counter-

claims and cross-complaints is REVERSED AND REMANDED. The district court is directed to prepare express factual findings supported by reference to the record concerning whether the Village is a tribe for purposes of sovereign immunity. Upon remand, the district court is also instructed to permit the parties to present evidence concerning any factual issues that may arise in determining whether the Native Village of Tyonek is an Indian tribe in the political sense, and if its real property is "Indian country."

Before WALLACE, Chief Judge, BROWNING, HUG, TANG, SCHROEDER, FLETCHER, FARRIS, PREGERSON, ALARCON, POOLE, D.W. NELSON, CANBY, NORRIS, REINHARDT, BEEZER, HALL, WIGGINS, BRUNETTI, KOZINSKI, NOONAN, THOMPSON, O'SCANNLAIN, LEAVY, TROTT, FERNANDEZ, RYMER, T.G. NELSON and KLEINFELD, Circuit Judges.