5 F.3d 542
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellant/Cross-Appellee,
v.
Stuart Michael LEVANTHOL; Julian Montano,
Defendant-Appellee/Cross-Appellant.
 Nos. 92-50196, 92-50216 and 92-50219.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 4, 1993.
Decided Aug. 18, 1993.
 
 Appeal from the United States District Court for the Central District of California; No. CR-91-446-AAH, A. Andrew Hauk, Senior District Judge, Presiding.
 C.D.Cal.
 REVERSED AND REMANDED IN NO. 92-50196, AND DISMISSED IN NOS. 92-50216 AND 92-50219.
 Before BROWNING, FARRIS and KELLY*, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 Background
 
 2
 Defendants Levanthol and Montano were indicted for (1) conspiracy to distribute cocaine (21 U.S.C. Sec. 846); (2) possession with intent to distribute 999.7 grams of cocaine (21 U.S.C. Sec. 841(a)(1)); and (3) distribution of 999.7 grams of cocaine (21 U.S.C. Sec. 841(a)(1)). The trial court denied the Defendants' motion for judgment of acquittal made pursuant to Fed.R.Crim.P. 29 at the close the government's case. This motion was renewed at the end of the trial and, after reserving its decision until the jury's decision, this motion was also denied. The jury returned a special verdict finding the Defendants guilty on all three counts and specifying the quantity of drugs involved in the conspiracy count as twenty kilograms.
 
 
 3
 At the time of sentencing, the district court reconsidered its earlier decision sua sponte and entered a judgment of acquittal as to the conspiracy count nunc pro tunc as of the date the jury verdict was returned. The trial court's reasons were not clear from the extended colloquy at the sentencing hearing, but generally vacillated between skepticism that the twenty kilograms were discussed in any more than speculative terms and an attempt to achieve a lesser, ostensibly more fair sentence, given Mr. Levanthol's organic brain disorder and the minor role of Mr. Montano.
 
 
 4
 The government appeals (92-50196) the judgment of acquittal as to the conspiracy count, raising two issues: first, whether the motion was procedurally possible; second, whether the rationale offered was appropriate and sufficient. Both Defendants seek to preserve the judgment of acquittal. In addition, Mr. Montano asserts that this court lacks jurisdiction to review the sentence, due to insufficiencies in the notice of appeal. Mr. Montano also argues that, even if the conspiracy count is reinstated, no remand is necessary because this court may infer that the district court found that the conspiracy involved less than twenty kilograms.
 
 
 5
 Mr. Levanthol conditionally cross-appeals (92-50216), arguing that, with respect to the conspiracy, insufficient evidence was presented to support his conviction and that the trial court may reject the jury's finding of the amount of cocaine involved in the conspiracy. Mr. Montano also cross-appeals (92-50219), reiterating Mr. Levanthol's latter argument and adding that the government incorrectly informed the trial court that it was bound by the jury's findings. Both make their arguments with respect to the conspiracy count only.
 
 Discussion
 
 6
 I. The Propriety of the Rule 29 Judgment of Acquittal
 
 
 7
 All parties cite and rely upon Arizona v. Manypenny, 672 F.2d 761 (9th Cir.), cert. denied, 459 U.S. 850 (1982). In that case, the trial court denied a timely post trial motion for acquittal and the defendant moved for a new trial or, alternatively, arrest of judgment under Fed.R.Crim.P. 34. The trial court concluded that it had committed error in not granting the Defendants' earlier Rule 29 motion for acquittal. Construing the Rule 34 motion as a renewed motion for acquittal, the district court granted a Rule 29 judgment of acquittal.
 
 
 8
 The Manypenny decision recognized that Fed.R.Crim.P. 45(b) forbids any extensions of time to make a Rule 29 motion.[1] However, the deadline is applicable to the making of a motion and "does not address the court's inherent power to grant such a judgment." Id. at 764. Rather, "a federal district court, which has properly retained jurisdiction of a case, has the power to grant a verdict of acquittal, before or after submission of the question of a defendant's guilt to the jury." Id. at 765. The court specifically held that a district court "has power to reconsider a timely motion for judgment of acquittal premised on insufficiency of the evidence when the court, which still retains jurisdiction of the case, decides, in considering another of defendant's motions, that its earlier denial of the Rule 29 motion was erroneous." Id. at 765-66. This decision clearly supports the proposition that the district court had the power to grant a Rule 29 judgment of acquittal. However, this does not end our inquiry.
 
 
 9
 We must determine whether the motion was properly granted.[2] The applicable test was set out in United States v. Hazeem, 679 F.2d 770, 772 (9th Cir.), cert. denied, 459 U.S. 848 (1982):
 
 
 10
 The trial court must determine whether, viewing the evidence in the light most favorable to the government, the jury could reasonably find the defendant guilty beyond a reasonable doubt. On appeal, we use the same test to review the trial court's decision.
 
 
 11
 Id. (citations omitted). Generally courts have disapproved of a purely result-oriented approach to the use of Rule 29. United States v. Torkington, 874 F.2d 1441, 1445 (11th Cir.1989) (district court erred by granting motion for judgment of acquittal "based on prosecutorial misconduct rather than on insufficiency of the evidence") (footnote omitted); United States v. Weinstein, 452 F.2d 704, 713-15 (2d Cir.1971) (while the district judge may still have had the power to grant an acquittal, there was no "right" to do so merely because he disbelieved the prosecution's witness; Rule 29 grants a power to acquit for insufficient evidence), cert. denied, 406 U.S. 917 (1972).
 
 
 12
 Initially, we determine "whether the district court's order represents a resolution in appellee's favor, correct or not, of factual elements of the charged offenses." United States v. Affinito, 873 F.2d 1261, 1264 (9th Cir.1989). In Affinito, the district court failed to specifically find that the evidence was insufficient. Rather, the Rule 29 order was a product of the court's "ambivalence about the best way to rectify the defective indictment and jury instructions." Id. This court reversed, finding error because the "Rule 29 judgment of acquittal ... was not premised on a resolution in appellee's favor of factual elements of the mail fraud counts. The district judge simply used the wrong tool to correct the admittedly defective indictment and jury instructions." Id. at 1265.
 
 
 13
 The trial court did not premise the Rule 29 order on the factual sufficiency of the case before it. The court substituted its own assessment of the evidence for that of the jury. Montano's E.R. 43, 49. The judgment of acquittal was utilized as a means to thwart the mandatory minimum sentence. Id. at 48, 53. Rather than assessing the sufficiency of the government's evidence, the court cited Mr. Montano's minor role in the conspiracy, id. at 55, and Mr. Levanthol's brain disorder, id. at 59. The district court must therefore be reversed for reasons similar to those set forth in Affinito.
 
 
 14
 Even if we were to conclude that the district court attempted to reach the issue of the factual sufficiency of the government's case and proceeded to review the merits of the motion, we would arrive at the same conclusion. At the next level of inquiry, this court applies the same test as the district court did to decide whether the Defendants were entitled to a judgment of acquittal and examine the state of the evidence at the time the guilty verdicts were returned. United States v. Brandon, 633 F.2d 773 (9th Cir.1980). This court is not to concern itself with determining the credibility of witnesses or the resolution of evidentiary conflict, as those are " 'exclusive function[s] of the jury,' " United States v. Rojas, 554 F.2d 938, 943 (9th Cir.1977) (quoting United States v. Nelson, 419 F.2d 1237, 1241 (9th Cir.1969)), supplemented by 574 F.2d 476 (1978); rather, the evidence is reviewed in a light most favorable to the government. Id.; United States v. Ramos, 558 F.2d 545, 546 (9th Cir.1977). "Where, as here, the jury found the defendant/appellee guilty of conspiracy beyond a reasonable doubt, in reviewing the district court's order we may not disregard inferences that the jury could draw from the evidence, if there was sufficient evidence to submit the case to the jury on the issue of conspiracy in the first place." Brandon, 633 F.2d at 780.
 
 
 15
 The government presented sufficient evidence to allow a reasonable jury to find guilt beyond a reasonable doubt. Therefore, the trial court erred in granting a judgment of acquittal.
 
 
 16
 II. Jurisdiction Over the Government's Appeal
 
 
 17
 Appellees question the jurisdiction of this court to act on the judgment of acquittal, even if improperly granted. On the form notice of appeal filed by the government, the government indicated that it was appealing from the order granting Defendants' motion for judgment of acquittal. Having not "checked the box" to indicate an appeal from the sentence imposed, Montano urges the court to "reject that portion of the Government's appeal directed at the sentence imposed upon the Appellee." Montano Brief at 9.
 
 
 18
 As the government points out, it does not quarrel with the computation of the sentences given the district court's ordered acquittals on count one. The government's complaint is one step removed from sentencing, relating to the decision to grant the judgments of acquittal. The sentence must be recomputed by the district court because our disposition of the appeal has changed the counts to be sentenced upon, not because there was an inaccurate computation. See United States v. Ramos, 558 F.2d 545, 548 (9th Cir.1977) (where judgment of acquittal improperly granted, the case was remanded with instructions that the verdict be reinstated). "Because the record does not reflect that the district judge made any determination of the quantity of [cocaine the defendants conspired to] possess[ ], we must remand for resentencing." Id; see United States v. Sotelo-Rivera, 931 F.2d 1317, 1319 (9th Cir.1991).
 
 III. The Cross-Appeals
 
 19
 As noted above, both defendants cross-appeal. Their cross-appeals are basically composed of the same arguments used to support the judgments of acquittal. Only an aggrieved party has standing to appeal. Native Village of Tyonek v. Puckett, 957 F.2d 631, 633-34 (9th Cir.1992) (defendants had no standing to appeal where complaint against them was dismissed by district court); United States v. Shelley, 218 F.2d 157, 158 (2d Cir.1954); see also Lewis v. United States, 216 U.S. 611, 612 (1910) (defendant had no standing to appeal from dismissed indictment in order to litigate speedy trial issue). Here, as in Shelley, "[h]aving received the contested order of dismissal ..., [each cross-appellant] is a successful litigant without appealable interest." 218 F.2d at 158. "Without actual injury and redressability, there is no case or controversy under Article III of the federal constitution and no jurisdiction." Bell v. City of Kellogg, 922 F.2d 1418, 1422 (9th Cir.1991) (citing Warth v. Seldin, 422 U.S. 490, 501 (1975)). Neither cross-appellant cites to an order made by the district court which is adverse to their interests; rather, the cross-appeal is made in anticipation of any adverse order of this court.
 
 
 20
 The judgment of acquittal appealed from in 92-50196 is REVERSED and REMANDED. The cross-appeals, 92-50216 and 92-50219, are DISMISSED for want of jurisdiction.
 
 
 
 *
 Honorable Paul J. Kelly, Jr., Circuit Judge for the United States Court of Appeals for the Tenth Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Rule 29(c) reads, in part:
 If a jury returns a verdict of guilty or is discharged without having returned a verdict, a motion for judgment of acquittal may be made or renewed within 7 days after the jury is discharged or within such further time as the court may fix during the 7-day period. If a verdict of guilty is returned the court may on such motion set aside the verdict and enter judgment of acquittal.
 
 
 [2]
 The district court in Manypenny was reversed at this stage of inquiry because the appellate court determined that "[i]t was improper for the trial court, sua sponte, to grant a motion for judgment of acquittal premised on the prosecution's failure to meet a defense not raised by the defendant and on a matter the prosecution was not bound to disprove in order to establish all the elements of the crime." Id., 672 F.2d at 766