133 F.3d 928
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
NATIVE VILLAGE OF TYONEK, Plaintiff-Appellant,
v.
Donald PUCKETT, Erna Puckett, Alexandra Kaloa, Esther Kaloa,
Fred Slawson, Virginia Slawson, Alec Constantine;
Olga Constantine, Defendants-Appellees,
and
CHILKAT INDIAN VILLAGE, Defendant,
v.
NATIVE VILLAGE OF TYONEK; Donald Standifer, Bonnie McCord,
Al Goozmer, Emil McCord Sr.,
Third-Party-Defendants-Appellees.
 No. 97-35074.
 United States Court of Appeals, Ninth Circuit.
 Submitted** Dec. 3, 1997.
Dec. 19, 1997.
 
 Before WRIGHT, REAVLEY***, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellant Native Village of Tyonek ("Tyonek") brought this lawsuit in 1982 to evict the Slawsons and the Pucketts from the village, and enjoin their landlords from leasing their houses to nonmembers. The Pucketts and Slawsons counterclaimed for violation of their civil rights. The district court held that Tyonek and its officials enjoyed sovereign immunity as a tribe, so the Pucketts and Slawsons' counterclaims were dismissed. The district court also dismissed the claims against the landlords. We dismissed the landlords' appeal for lack of standing to appeal "because they were successful in obtaining a dismissal of the complaint in the district court." Native Village of Tyonek v. Puckett, 890 F.2d 1054, 1055-56 (9th Cir.1989) vacated, Pucket v. Native Village of Tyonek v. Puckett, 499 U.S. 901 (1991). We also reviewed this case in Native Village of Tyonek v. Puckett, 957 F.2d 631, 633 (9th Cir.1992).
 
 
 3
 The landlords are not parties to the instant appeal. The Pucketts and Slawsons have not again appealed. All that is before us is Tyonek's appeal from the district court's order dismissing this case as moot. We agree with the district court that this case is moot. Therefore, we need not reach the question whether Tyonek has standing to appeal and intimate no view on that issue.
 
 
 4
 The Pucketts and Slawsons moved out of the village in 1983. They have not returned in the 14 years since they left. There is nothing in the record to suggest that they ever will. Tyonek sued only for an injunction, to get the Fucketts and Slawsons out of the village and to prevent their landlords from renting to any other outsiders, not damages. The Pucketts and Slawsons are out, have been out for mary years, and there is no reason to doubt that they will stay out. There is no "case or controversy" about whether Tyonek is entitled to keep them out. Therefore, the district court correctly determined that it lacked jurisdiction over Tyonek's claims because they were moot. See Arizonans for Official English v. Arizona, 11.7 S.Ct. 1055 (1997); Nome Eskimo Community v. Babbit, 67 F.3d 813 (9th Cir.1995).
 
 
 5
 Tyonek argues that the case at bar falls within the mootness exception for cases capable of repetition, yet evading review. This "exceptional circumstances" doctrine, see Public Utilities Commission v. F.E.R.C., 100 F.3d 1451, 1459 (9th Cir.1996), has no application. Tyonek would have to show both a reasonable expectation that it would be subject to the same injury again, and that the injury is of a kind and duration such that it is likely to become moot before litigation is completed. Given the reception the Pucketts and Slawsons received from the village, Tyonek's having sued them to get them out, and the absence of any evidence in the record that any outsiders have tried to live in the village in the 14 years since the Pucketts and Slawsons left, there is no reasonable expectation that outsiders living in the village is likely to recur.
 
 
 6
 Nor is there any apparent reason why, if someone did lease a house in the village, the issue of enforceability of the village rule would evade review. As likely as not, a person who leases a house, as these defendants did, intends to stay a while. Erna Puckett was hired as a school secretary in the village, and leased a house, with her husband, for the school year. Tyonek argues that the Pucketts' and Slawsons' "aggressive assertion" that it had no right to evict them shows that they may move back. It does not. Once they were out, they were not trying to return. They sought a declaratory judgment that the village rule was unconstitutional and damages for violation of their civil rights; they claimed that Tyonek ran them out of town because they were of the wrong race. That shows an intention to obtain vindication and collect damages, not a desire to return to the village.
 
 
 7
 The appeal of the district court's mootness determination is frivolous. Tyonek is therefore ordered to show cause, within 30 days of the date this disposition is filed, why double costs should not be awarded pursuant to Federal Rule of Appellate Procedure 38.
 
 
 8
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R App. P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 * The Honorable Thomas M. Reavley, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3